## Sierzega *v.* United States Steel Corporation, Appellant.

Argued November 11, 1964. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Robert M. Keener,* with him *Albert A. Sayers,* and *Sayers, King & Keener,* for appellant.

*Ben F. Wright,* with him *David E. Cohen, Ewing B. Pollock,* and *Pollock, Pollock & Thomas,* for appellee.

OPINION BY WATKINS, J., December 16, 1964:

This is an appeal from the judgment of the Court of Common Pleas of Greene County entered on the

decision of the Workmen's Compensation Board in an Occupational Disease case in favor of Karol Sierzega, the claimant-appellee and against the United States Steel Corporation, the defendant-appellant.

The claimant was employed by the United States Steel Corporation at three different coal mines from June, 1918 until July 14, 1956, a total of 38 years. The employer has not raised the question of exposure. From 1956 to July 1, 1960 the claimant was unemployed, but was active around his home working in his yard and garden. On July 1, while mowing the lawn he suddenly had difficulty getting his breath, almost fell down and had to sit down and could do nothing further. He never again was able to do any physical labor and had to sleep in a sitting position. In June, 1961, he was admitted to the Uniontown hospital but was then transferred to the Cresson State Hospital where he remained until March 18, 1962. According to the record he had no reason to know he had silicosis until so informed in the Cresson hospital on September 1, 1961. He gave notice of this disability to his employer on September 7, 1961 and filed a claim petition on September 15, 1961.

The referee awarded compensation for total and permanent disability from silicosis. The Workmen's Compensation Board affirmed, and on appeal, the Court of Common Pleas of Greene County affirmed the decision of the board and entered judgment on the award in favor of the claimant.

This appeal primarily raises the question whether there is sufficient evidence to support the findings and conclusions of the board and in particular, the finding that the claimant became totally disabled as a result of silicosis on July 1, 1960. The evidence, of course, must be reviewed in the light most favorable to him and he must be given the benefit of all inferences reasonably deducible therefrom, and when the

findings are supported by legally credible evidence they are binding on the court. *Leftwrich v. Colonial Alum. Sm. Corp.*, 184 Pa. Superior Ct. 622, 136 A. 2d 182 (1957).

It should also be pointed out that after the decision of the board the claimant petitioned for a rehearing to offer specific medical testimony to the effect that on July 1, 1960 claimant was totally disabled by reason of silicosis contracted during his exposure to a silicate hazard while in the employment of the defendant. The board denied his petition saying: "However, we cannot see the justification of claimant's request. The referee awarded him compensation, which was affirmed by us . . . There appears to be no compelling reason to remand this case for additional evidence, especially when we found that the award was predicated on the testimony of witnesses which passed the tests of weight and credibility."

The Occupational Disease Act must be liberally construed to effectuate its remedial and humanitarian purposes. *Masouskie v. Hammond Coal Co.*, 172 Pa. Superior Ct. 409, 94 A. 2d 55 (1953). The claimant must establish "compensable disability or death resulting from occupational disease and occurring within four years after the date of his last employment in such occupation or industry." Act of 1939, June 21, P. L. 566, as amended, §301(c), 77 PS §1401. The evidence of the claimant did establish that he became totally and permanently disabled on July 1, 1960; that he was first advised that this disability was the result of silicosis on September 1, 1961; that notice of the disability was given to the defendant on September 7, 1961 and a claim for compensation was filed on September 15, 1961.

The testimony of the claimant was to the effect that his last day of work with United States Steel

Corporation was on July 14, 1956; that he had no further employment but was able to do some work on his lawn and was able to work in his garden until July 1, 1960, a day which he said, "I am going to remember as long as I live that day". He had to sit down to keep from falling down. He never worked at anything again and had to sleep sitting up in a chair. He was asked: "After that day (July 1, 1960) had you been able to work at all?" He answered, "No, I would maybe if I could breathe". He also testified that before that date "before not so good but little bit yes". From this it can be reasonably inferred that although he was suffering from his exposure to the hazard in his long employment in the defendant's mines, the compensable disability did not occur until July 1, 1960.

"Occupational diseases are, from a legal standpoint, peculiar in this—that they arise, not from an accident or event happening at a precise moment, but from a day by day exposure to unhealthful conditions over an extended period; the exact time of their origin is necessarily obscure and their insidious progress is not revealed until, frequently after a long interval, the disability which they create manifests itself. In the case of accidents compensable under the Workmen's Compensation Act (77 PS §1 et seq.), the accident and the damage resulting therefrom, the cause and the effect, are usually determinable immediately and they are practically simultaneous. But, because in disability arising from an occupational disease both cause and effect are protracted and a long interval is apt to elapse between the exposure and the disability, it becomes necessary to fix a point of time at which the injury which is the subject of compensation shall be deemed to arise and the right to compensation accrue." *DeMascola v. Lancaster*, 200 Pa. Superior Ct. 365, 189 A. 2d 333 (1963).

Silicosis is such an insidious disease that a man may give his life to an industry, contract the disease and yet not have compensable disability. Then, suddenly after the passage of the statutory period, find himself contemplating the twilight years of his life sitting in a chair, gasping for breath, because of silica crippled lungs.

According to the record the claimant had no knowledge of the cause of his total disability until September 1, 1961 when Dr. Stanley of the Cresson State hospital informed him. It is quite reasonable that this man might consider his disability to be due to his tuberculosis problem. The medical report of Dr. Harry W. Weest of the same hospital, concerning the claimant, dated September 29, 1961, reads as follows: "is totally and permanently disabled as a result of silicosis and tuberculosis." This report was placed in evidence by agreement of counsel and no other medical evidence was introduced by the parties. Upon this sequence of events it was quite proper for the Workmen's Compensation Board, whose function it is to consider the credibility of the witnesses, the weight of the evidence and to give to the claimant the benefit of all inferences reasonably deducible therefrom to find that the total disability that occurred on July 1, 1960 was caused by the silicosis that was diagnosed by Dr. Stanley on September 1, 1961 and the medical report of September 29, 1961, without the necessity of having a physician give a perfunctory opinion.

Where the total disability, as here, is a natural and probable result of an occupational disease, the fact finding body may so find, even in the entire absence of expert opinion. *Mohr v. Desimone & Sayers,* 110 Pa. Superior Ct. 44, 167 A. 504 (1933); *McCleary v. Pa. Electric Co.,* 184 Pa. Superior Ct. 185, 132 A. 2d 389 (1957); *Leftwrich v. Colonial Alum. Sm. Corp.,* supra.

Section 311 of the Act of June 21, 1939, P. L. 566, as amended, 77 PS §1411, provides: "Unless the employe or someone in his behalf, or some of the dependents or someone in their behalf, shall give notice of disability to the employer liable for compensation under this article, within twenty-one days after compensable disability begins, no compensation shall be due until such notice be given, and unless such notice be given within one hundred and twenty days after the beginning of compensable disability no compensation shall be allowed." The contention is here made that if the disability occurred July 1, 1960 he did not give the required notice. However, the relevant date is September 1, 1961 when the claimant first learned that he had silicosis. The statute of limitation begins to run from the time the employe is disabled and definitely knows or should know of his disability from silicosis. *Roschak v. Vulcan Iron Works*, 157 Pa. Superior Ct. 227, 42 A. 2d 280 (1945); *Nickolay v. Hudson Coal Co.*, 164 Pa. Superior Ct. 550, 67 A. 2d 828 (1949); *Masouskie v. Hammond Coal Co.*, supra, at page 410. It follows that notice was clearly given within the required period of 120 days.

The contention of the corporation that the claim petition was not filed within the statutory limitation (Act of June 21, 1939, P. L. 566, as amended by the Act of February 28, 1956, P. L. (1955) 1095, 77 PS §1415) is without merit. The claimant was disabled on July 1, 1960 and filed his claim on September 15, 1961, well within the sixteen month limitation. In this context, too, the law is settled that the time within which a claim may be filed runs from the date when the claimant had knowledge of the disease. *Ciabattoni v. Birdsboro Steel Foundry*, 386 Pa. 179, 125 A. 2d 365 (1956).

The contention that the four years statutory provision of §301(c), supra, makes it necessary to file the

claim within this period is equally without merit. *Agostin v. Pitts. Steel Foundry,* 157 Pa. Superior Ct. 322, 43 A. 2d 604 (1945), affirmed in 354 Pa. 543, 47 A. 2d 680 (1946).

Judgment affirmed.