Anthony J. TYSENN, a/k/a Anthony J. Tyskiewicz and Veronica Tysenn, a/k/a Veronica Tyskiewicz.

v.

JOHNS–MANVILLE CORP., Eagle-Picher Industries, Inc., Owens-Illinois Glass Company, Pacor, Inc., Celotex Corporation, Pittsburgh Corning Corporation, and Keene Corporation, Defendants,

and

Fibreboard Corp., Garlock, Inc., Unarco, Raybestos-Manhattan, Inc., and Owens-Corning Fiberglas Corp., Third-Party Defendants.

Civ. A. No. 80–128.

United States District Court, E. D. Pennsylvania.

July 15, 1981.

Gene Locks, Greitzer & Locks, Philadelphia, Pa., for plaintiffs Anthony J. Tysenn, et ux.

Daniel J. Ryan, Philadelphia, Pa., for defendant Johns-Manville Corp.

Barbara Ann Pennell, Philadelphia, Pa., for defendant Eagle-Picher Industries, Inc.

G. Daniel Bruch, Jr., Philadelphia, Pa., for defendant Pacor, Inc.

Thomas O. Malcolm, West Chester, Pa., for defendant Celotex Corp.

John Paul Curran, Philadelphia, Pa., for defendant Pittsburgh Corning Corp.

Perry S. Bechtle, Philadelphia, Pa., for defendant Keene Corp.

Francis F. Quinn, Philadelphia, Pa., for third-party defendant Fibreboard Corp.

Edward B. Joseph, Philadelphia, Pa., for third-party defendant Garlock, Inc.

Dudley Hughes, Philadelphia, Pa., for third-party defendant Unarco.

Joseph T. Mallon, Philadelphia, Pa., for third-party defendant Raybestos-Manhattan, Inc.

John Patrick Kelley, Philadelphia, Pa., for third-party defendant Owens-Corning Fiberglas Corp.

James A. Young, Daniel J. Zucker, Philadelphia, Pa., for Owens-Illinois Glass Co.

## OPINION

LUONGO, District Judge.

This is an asbestosis action in which Owens-Illinois was named as an original defendant, and later made the target of various crossclaims by some of its co-defendants. Owens now moves for summary judgment against all parties, principally on the ground that it was the employer of plaintiff Anthony Tysenn, and therefore under the applicable compensation laws cannot be liable to any of the parties.

## I. Owens' Motion Against Plaintiff Anthony Tysenn

### A. Choice of Law

A threshold issue is the law to be applied. Owens contends that New Jersey law controls, while the respondents to Owens' motion contend that Pennsylvania law is applicable. During the period in question, Tysenn was employed out of Owens' Philadelphia office. During that time, however, he resided in New Jersey, was treated for his injuries there, and allegedly was first exposed to asbestos at Owens' Berlin, New Jersey, plant, although he had subsequent exposure in Pennsylvania and Delaware.

 The parties agreed at argument that there is no clear answer to the choice of law question. Both Pennsylvania and New Jersey employ the balancing of interests test in resolving choice of law questions. Four factors are relevant: (a) place of injury; (b) place of conduct; (c) domicile of parties; and (d) place where the parties' relationship is centered. *Griffith v. United Air Lines, Inc.*, 416 Pa. 1, 203 A.2d 796 (1964); *Phillips v. Oneida Motor Freight, Inc.*, 163 N.J.Super. 297, 394 A.2d 891 (1978). Here, except for Tysenn's place of residence, Pennsylvania would seem to be the forum with more contacts. Tysenn's exposure to asbestos stemmed directly from his employment relationship with Owens, which was centered in Pennsylvania. Moreover, the court in *Phillips* noted that when compensation issues are involved in a case, the state of employment is particularly interested in its outcome. Accordingly, on balance, at least insofar as claims relating to Anthony Tysenn are concerned, Pennsylvania would seem to have more of an interest in the litigation than would New Jersey.

### B. The Merits

 Owens contends that it is entitled to summary judgment against the plaintiffs on Anthony Tysenn's claims because Owens was his employer during the period in which he was subjected to its asbestos products, with the result that plaintiffs' exclusive remedy against Owens is the Pennsylvania Occupational Disease Act of 1939, 77 Pa. Stat.Ann. § 1201 *et seq.*

It is undisputed that Tysenn was exposed to asbestos during two periods of time. First, Tysenn was exposed during 1935–1941, while employed by Rohm & Haas. Owens can have no liability arising out of that exposure because it is undisputed that it did not manufacture asbestos products at that time. Second, Tysenn was exposed during 1951–1958, during which time he was employed by Owens.

Under the Occupational Disease Act,[1] an employee receives compensation payments without regard to fault if he contracts a disease covered by the Act during the course of his employment. In return the employee surrenders any right of action. 77 Pa.Stat.Ann. § 1403. Asbestosis is a covered disease, § 1208(*1*). Discovery has revealed, however, that Tysenn does not contend that he contracted asbestosis, but rather mesothelioma, an asbestos-connected disease which is not specifically covered by the Act. Although not specifically listed, mesothelioma also seems to fall under the Act. In 1955, the legislature amended the Act to include:

> All other occupational diseases (1) to which the claimant is exposed by reason of his employment, and (2) which are peculiar to the industry or occupation, and (3) which are not common to the general population. § 1208(n).

In *Utter v. Asten-Hill Mfg. Co.*, 453 Pa. 401, 309 A.2d 583 (1973), the Supreme Court of Pennsylvania held that the Occupational Disease Act should be interpreted broadly, and ruled that cancer, although present in the general population, comes within the Act if it is shown that it is peculiar to the claimant's occupation.

Here, mesothelioma is definitely asbestos-related, and it is not disputed that it is

---

1. The Occupational Disease Act has been consolidated with the Workmen's Compensation Act by the legislature. However, the Compensation Act governs only those injuries which occur after June 30, 1973. Consequently, Tysenn's suit is still subject to the 1939 Act.

linked to asbestos-related occupations. Therefore, it is covered by the Act, and Tysenn's exclusive remedy is compensation thereunder.

The Act itself does not list any exceptions. To avoid the bar to suit posed by the Act, Tysenn raises several arguments. First, Tysenn contends that it does not apply where the employer has committed an intentional tort. Owens, Tysenn alleges, had knowledge of the dangerous effects of exposure to asbestos, and deliberately exposed its employees to it in reckless disregard of their health. There is evidence in the record that Owens conducted tests on laboratory test animals using high concentrations of asbestos, and discovered that such exposure to asbestos had adverse effects on the animals. Tysenn relies upon a judicially created exception to the Compensation Act established in *Readinger v. Gottschall*, 201 Pa.Super. 134, 191 A.2d 694 (1963), which he contends is applicable to the Occupational Disease Act as well. In *Readinger*, the court held that an employer who physically assaulted and struck an employee could not avail itself of the immunity from suit created by the Compensation Act, because the Act applied only to accidental injury, and did not extend to deliberate conduct by an employer.

The flaw in this argument is that few Pennsylvania decisions have addressed this issue, and no Pennsylvania court has extended the intentional wrong exception as far as Tysenn urges. The only case factually close to the instant one, *Sumski v. Sauquoit Silk Company, Inc.*, 66 Lack Jur. 118 (1965), involved an employer who deliberately exposed its employee to a toxic agent by changing the label on a bottle containing it while representing that the harmful agent had been replaced by a substitute. Whether a higher court would have adopted this reasoning is problematic, and the case is factually distinguishable from the instant one, because the employer's conduct in *Sumski* was unlawful, and the danger was concealed from the employee. Moreover, there is nothing in subsequent decisions to suggest that the Pennsylvania courts would extend the intentional tort concept in the absence of deliberate, egregious conduct by an employer. *Evans v. Allentown Portland Cement Co.*, 433 Pa. 595, 252 A.2d 646 (1969); *see Ulicny v. National Dust Collector Corp.*, 391 F.Supp. 1265 (E.D.Pa.1975). Here, where Tysenn knew he was working with asbestos, and the very terms of the 1939 Act reflect a general awareness that exposure to it could result in debilitating disease necessitating compensation, it is difficult to conclude that Owens' conduct, however negligent or reckless, rises to the level of an intentional tort.

Tysenn further argues that the terms of the Occupational Disease Act provide inadequate relief, and that he is time-barred from making a claim under the Act. He cites *dicta* in various cases to the effect that a worker not aided by the statute should not be barred from common law recovery. The cases he cites simply stand for the elementary proposition that a worker whose ailment is not covered by the Act retains the usual common law remedies. I assume that in arguing that the Act is inadequate and unavailable to him Tysenn is making some form of equitable argument. In effect, however, what Tysenn urges is that I should overlook the Pennsylvania statutory scheme, and plainly this would be improper.

Finally, Tysenn contends that his claims under both strict liability and negligence theories are not barred because of the dual capacity doctrine. Under this doctrine, an employer who manufactures goods for public consumption may be liable for injuries suffered by his employees because of defects in those goods, on the basis of his role as manufacturer, rather than his role as employer. The underlying rationale appears to be that imposition of liability in such circumstances furthers the goals of product liability law, and that an employer should not fortuitously avoid liability for a defective product simply because the victim happens to be an employee, rather than a consumer. There are numerous arguments in favor of and against the doctrine, but since this issue was argued before a panel of this court on June 8, 1981, the more prudent course is to await its decision before exploring the issue in any depth.

## II. Owens' Motion Against Plaintiff Veronica Tysenn

Owens also moves for summary judgment on Veronica Tysenn's claim that she risks severe injury from exposure to asbestos through her husband, and that she has suffered from emotional and psychological shock and distress because of her fear that she might contract an asbestos-related disease. Owens contends that New Jersey law applies to her claim, because at all times relevant to this action she resided in New Jersey, and any contact she might have had or injury she might have suffered occurred there. Plaintiffs have not responded to Owens' choice-of-law arguments, and I agree with Owens that New Jersey law should apply.

■ Significantly, Veronica Tysenn's claim is not for emotional distress she suffered because of seeing her husband suffer; rather, it seeks compensation for *her* fear of injury. Under New Jersey law, if fear of injury results in "substantial bodily injury or sickness," it is compensable. *Falzone v. Busch*, 45 N.J. 559, 569, 214 A.2d 12 (1965). Conversely, where it does not, it is not compensable because it is too speculative a basis for liability. *Id.* Because Mrs. Tysenn must produce some evidence of physical injury caused by her fear, which she has not pleaded, and has not demonstrated by affidavit or otherwise in response to Owens' motion, summary judgment in Owens' favor on this claim will be granted.

## III. Owens' Motion Against Eagle-Picher Industries

■ Eagle-Picher Industries is an original defendant which has cross-claimed against Owens seeking contribution toward any amount which Eagle-Picher must pay to plaintiffs. The critical issue here is whether the recent amendment to § 303 of the Pennsylvania Workmen's Compensation Act, 77 Pa.Stat.Ann. § 481(b), which absolves an employer of liability to anyone on account of an occupational disease and/or injury suffered by a worker covered by the Act, is applicable in this case.

The amendment to the Compensation Act became effective on February 3, 1975. In *Bell v. Koppers Co., Inc.*, 481 Pa. 454, 392 A.2d 1380 (1978), the Pennsylvania Supreme Court held that where the alleged injuries occurred before the Act's effective date, the amendment did not apply. Although *Bell* was not an occupational disease case its reasoning is equally applicable in such cases and, therefore, the key date is the occurrence of the occupational disease. Here, despite the fact that Tysenn's physical exposure to asbestos occurred no later than 1958, Owens argues that it cannot be sued for contribution because Tysenn's occupational disease did not occur until it was discovered which was clearly after February 3, 1975.

Section 303 offers little guidance as to the date a party can be said to have suffered an occupational disease. Case law and other sections of the Workmen's Compensation Act, however, support Owens' position.

In *Ciabattoni v. Birdsboro Steel Foundry & Machine Company*, 386 Pa. 179, 125 A.2d 365 (1956), a claimant with silicosis was denied compensation under the Occupational Disease Act on the grounds that his claim was untimely under § 315 of that Act, which required all claims to be brought within one year after the disability began. The claimant filed his claim on January 4, 1954, but the referee found that his disability began on December 22, 1952. The Pennsylvania Supreme Court held that denial of benefits was improper, finding that although the claimant may have been disabled on December 22, 1952, there was no evidence in the record to support a finding that the disability suffered by the claimant at that time was due to silicosis. The Court held that a disability begins under the Occupational Disease Act when the claimant knows he is disabled by the occupational disease. *Id.* at 185–186, 125 A.2d 365.

The statute of limitations in the current Compensation Act requires that all compensation claims for personal injury be brought within three years. However, in occupational disease cases, injury is defined as

"disability resulting from occupational disease." 77 Pa.Stat.Ann. § 602. I can discern no apparent reason why the date an occupational disease occurred should be determined any differently under § 303 of the Act.[2] One of the rationales underlying the rule that disability from an occupational disease does not begin until its discovery is the virtual impossibility of ascertaining exactly when a "creeping disease" has its onset. *See, e. g., Ciabattoni v. Birdsboro Steel Foundry & Machine Company, supra,* 386 at 182, 125 A.2d 365; *Anthony v. Koppers Co., Inc.,* —— Pa.Super. ——, 425 A.2d 428, 434–435 (1981); *Sierzega v. United States Steel Corporation,* 204 Pa.Super. 531, 205 A.2d 696, 536 (1964). Therefore, under the Act, until a claimant suffers from the disease he has no claim, although the disease could possibly have its onset years after exposure. *See Sierzega v. United States Steel Corporation, supra,* 204 Pa.Super. at 536, 205 A.2d 696.

Under *Bell v. Koppers* the key date for the applicability of § 303 is the date when the occupational disease occurred. Because of the difficulty in ascertaining that date, the date of discovery or the date that the disease should have reasonably been discovered will be the date applied to determine whether Owens is liable for contribution. This test is consistent with that set forth in *Johnson v. Turner & Newall, Ltd.,* slip op. Nos. 78–464, 80–1093 (E.D.Pa., July 8, 1981), wherein Judge Newcomer stated that the date of injury for the purposes of § 303 is when compensable injury is suffered, *i. e.,* when the "plaintiff has suffered some pain and suffering or loss of life's pleasures; medical expenses or lost wages or impairment of earning capacity." *Cf. Ayers v. Morgan,* 397 Pa. 282, 286, 154 A.2d 788 (1959) (under prior Pennsylvania statute of limitations for personal injury actions, 12 P.S. § 34 (*repealed* 1978) the time the injury was done was "when the act heralding a possible tort inflicts a damage which is physically objective and ascertainable"). Because the record is clear that the earliest date on which Tysenn discovered his disease was December 1977, and § 303 of the Compensation Act became effective on February 3, 1975, under *Bell v. Koppers* § 303 is applicable to Eagle-Picher's claim for contribution. Accordingly, Owens' motion for summary judgment on Eagle-Picher's cross-claim will be granted.

IV. *Owens' Motion Against Pacor, Inc.*

 Pacor, Inc. is also an original defendant which has cross-claimed against Owens for contribution. Pacor appears to concede that it is barred from seeking contribution from Owens under the Compensation Act, but contends that Owens should not be dismissed from the suit because it is an indispensable party for purposes of assessing negligence under the Comparative Negligence Act, 42 Pa.Con.Stat.Ann. § 7102.

The Comparative Negligence Act provides that in any negligence action, the plaintiff's contribution to the cause of the injuries suffered shall be compared with the "causal negligence of the defendant or defendants *against whom recovery is sought.*" § 7102(a), (emphasis added). In my view, by inserting this language, the legislature intended to limit consideration of causative negligence to those who are parties to the action and can legally be held liable for the plaintiff's injuries. To allow consideration of the conduct of non-parties whom the plaintiff either cannot or does not seek to hold liable would introduce virtually unmanageable complexity to the determination of negligence.

Accordingly, since plaintiffs do not have a negligence claim against Owens, and Owens is therefore not a defendant against whom recovery is sought on a negligence theory, Owens' purported negligence has no relevance for purposes of assessing liability

---

**2.** The parties are in agreement that the 1939 Occupational Disease Act controls Tysenn's claim against Owens. For purposes of determining the applicability of recent amendments to the consolidated Occupational Disease/Workmens' Compensation Act, however, the language and definitions contained in the current statute are relevant.

under the Comparative Negligence Act.[3] Owens' motion for summary judgment against Pacor, Inc. will be granted.

---

**3.** I express no view as to whether the other defendants may argue that Owens' conduct was a superseding cause of plaintiffs' injury.