Charles **MERGENTHALER**, et al., **Plaintiffs Below, Appellants,**

v.

**ASBESTOS CORPORATION OF AMERICA, et al., Defendants Below, Appellees,**

Randolph **PANNELL**, et al., **Plaintiffs Below, Appellants,**

v.

**ASBESTOS CORPORATION OF AMERICA, et al., Defendants Below, Appellees.**

Earl R. **NUTT**, et al., **Plaintiffs Below, Appellants,**

v.

**ASBESTOS CORPORATION OF AMERICA, et al., Defendants Below, Appellees,**

George **RICKARDS**, et al., **Plaintiffs Below, Appellants,**

v.

**ASBESTOS CORPORATION OF AMERICA, et al., Defendants Below, Appellees.**

Supreme Court of Delaware.

Submitted: June 18, 1984.

Decided: July 19, 1984.

Thomas C. Crumplar, Wilmington (argued) of Jacobs & Crumplar, P.A., Wilmington, for appellants.

Catherine B. Hagerty and Richard Allen Paul of E.I. duPont de Nemours and Co., Wilmington, and Thomas L. Morrissey (argued) of Carpenter, Bennett & Morrissey, Newark, N.J., of counsel, for appellee E.I. duPont de Nemours and Co.

Mary Pat Trostle and Philip B. Bartoshewsky of Biggs & Battaglia, Wilmington, for appellee Haveg.

James W. Semple and Francis J. Jones, Jr. of Morris, James, Hitchens & Williams, Wilmington, for appellee Pittsburgh Corning Corp.

Before McNEILLY, HORSEY and MOORE, JJ.

McNEILLY, Justice:

This appeal from the August 23, 1983 Opinion, 466 A.2d 18, and September 22, 1983 Order of the Superior Court represents a second appeal to this Court in this matter. In the first appeal, two actions were consolidated which involved claims of gross negligence and intentional tort against defendants (the plaintiffs' former or present employers and a number of other corporations engaged in the manufacturing of asbestos). We affirmed the decision of Superior Court which dismissed those claims for failure to state causes of action upon which relief can be granted based upon our construction of the Workmen's Compensation Law's exclusivity provision, 19 *Del.C.* § 2304, and its legislative history. *Kofron v. Amoco Chemicals Corporation*, Del.Supr., 441 A.2d 226 (1982).

Following that appeal, the plaintiffs amended their respective complaints to allege that defendants' conduct caused plaintiffs to lose their rights to pursue both causes of actions for breach of warranty and causes of action against various health care providers because defendants had wrongfully failed to inform plaintiffs of their asbestos—related diseases within a time period sufficient to allow plaintiffs to satisfy the applicable statutes of limitation. They further alleged a direct action on behalf of plaintiff-wives for mental anguish and fear of contracting cancer in the future as a result of the wives' contact with asbestos-fibers in the laundering of their husbands' work clothes.

Both these later claims were dismissed by the Superior Court on August 23, 1983 and plaintiffs appealed. The two questions now presented to us in this matter can be termed as follows:

(1) Whether the exclusivity provisions of Delaware's Workmen's Compensation Law bars an employee's suit against his employer for wrongful deprivation of an alleged property right to assert claims against third parties arising from the employee's work-related bodily injury; and

(2) Whether a claim for the expenses of medically required surveillance and related mental anguish of the plaintiffs' wives fails to state a claim upon which relief can be granted where there is no present physical injury.

Since we answer both questions in the affirmative, we find that the Superior Court did not err in dismissing the plaintiffs' claims. Accordingly, the facts of this case do not encompass an exception to *Kofron, supra.*

I

Turning to the first issue set forth above, we note that the plaintiff-employees' claims seek to recover for lost rights to pursue causes of action in warranty and against various health-care providers based on the same wrongful conduct by defendants previously at issue in *Kofron, supra.* In asserting their recently amended count for lost causes of action, premised on that conduct, plaintiffs maintain two contentions. The first is that the alleged injury is not a personal injury, but rather a property wrong. The second is that the alleged wrongful conduct by defendants succeeded the personal injury to plaintiffs, thereby creating an actionable second injury.

In regard to the plaintiffs' first contention, it is settled law that the Delaware Workmen's Compensation Act bars any action by an employee against his employer for a work-related physical injury. *Kofron, supra.* Conversely, a civil action for non-physical injury is permitted because not encompassed within the scope of that Act. *Battista v. Chrysler Corp.*, Del. Super., 454 A.2d 286 (1982). Physical and mental injuries that would otherwise be compensable in workers' compensation are recoverable in connection with a non-physical tort action only if they are items of damage peripheral or incidental to the physical tort. *Battista; Foley v. Polaroid Corp.*, Mass.Supr., 381 Mass. 545, 413 N.E.2d 711 (1980). However, an action that is essentially a recovery for physical injuries is barred even though cast in the form of a non-physical tort. 2A Larson, *Workmen's Compensation Law*, § 68.34(a) pp. 13.61–13.62. Since we agree with the Superior Court that the recovery plaintiffs seek in their amended complaint is essentially one for physical injuries, the claim is barred by the Act. Therefore, as in *Kofron*, plaintiffs' only remedy is under the Workmen's Compensation Law.

In so holding, we find that contrary to plaintiff's assertion, the situation presented to us on this appeal is different from that in *Battista, supra,* and *Silkwood v. Kerr-McGee Corp.*, 10th Cir., 667 F.2d 908 (1981) *rev'd* on other grounds, —— U.S. ——, 104 S.Ct. 615, 78 L.Ed.2d 443 (1984). In *Battista*, the Court permitted an employee to bring a civil action against his employer for defamation as a result of an alleged wrongful demotion. The Court found that the harm resulting from a defamation was not a personal injury within the coverage of the act, but an injury to reputation affecting a proprietary interest. However, in that case, there was no issue of fraud or deceit, and no lost cause of action asserted. Therefore, that case does not adequately support plaintiffs' first contention.

Plaintiffs' reliance on *Silkwood* is similarly unavailing. There, the Court permitted recovery for the "significant damage" that had occurred to the personal property located in plaintiff's home as a result of plutonium found there. It was determined that a urine sample, which was spilled in plaintiff's apartment, had been "spiked" with radioactive materials which could not have naturally been present in the sample. Since this "spiking" constitutes a distinct act which was subsequent to a personal injury, the damage for which civil recovery was allowed was clearly "non-physical". Therefore, this case does not support plaintiffs' first contention.

In regard to plaintiffs' second contention, the Superior Court correctly pointed out that another distinction exists in an employee fraud action concerning the time of an alleged deceit. In the present case, the same type of acts by an employer which were alleged to have caused personal injury in *Kofron, supra,* are now alleged to have caused the loss of causes of actions. More specifically, they are actions which did not occur subsequent to the work-related injury but consequently prior to or contemporaneous with the work place personal injury. Therefore, unlike those cases in which subsequent fraudulent acts permitted recovery, *Pirocchi v. Liberty Mutual Insurance Company*, E.D.Pa. 365 F.Supp. 277 (1973); *Ramey v. General Petroleum Corporation*, Cal.Ct.App., 343 P.2d 787 (1959); *Woodburn v. Standard Forgings Corporation*, 7th Cir. 112 F.2d 271 (1940); *Reed v. Hartford Accident and Indemnity Company*, E.D.Pa. 367 F.Supp. 134 (1973); *Flamm v. Bethlehem Steel Company*, N.Y.Supr., 18 Misc.2d 154, 185 N.Y.S.2d 136 (1959); deceit that precedes and helps produce an injury is held barred because it merges into the injury for which a compensation remedy is provided. *Gambrell v. Kansas City Chiefs Football Club, Inc.*, Mo.Ct.App., 562 S.W.2d 163 (1978); *Wilkins v. West Point-Pepperell, Inc.*, Ala. Supr., 397 So.2d 115 (1981). So viewed, plaintiffs' second contention fails.

## II

We now turn to plaintiffs' argument that "a claim for the expenses of medically required surveillance and related mental anguish caused thereby is maintainable under Delaware law even if there is no present physical disease." As indicated earlier, we disagree.

In any claim for mental anguish, whether it arises from witnessing the ailments of another or from the claimant's own apprehension, an essential element of the claim is that the claimant have a present physical injury. *Robb v. Pennsylvania Railroad Company*, Del.Supr., 210 A.2d 709 (1965); *Cosgrove v. Beymer*, D.Del., 244 F.Supp. 824 (1965); *Mancino v. Webb*, Del.Super., 274 A.2d 711 (1971); *Amader v. Johns-Manville Corp.*, E.D.Pa., 514 F.Supp. 1031 (1981); *Tysenn v. Johns-Manville Corp.*, E.D.Pa., 517 F.Supp. 1290 (1981). Here, plaintiffs-spouses concede that they have suffered no physical injury due to wrongful asbestos exposure. Therefore, that concession is dispositive of this case. *Accord, Tysenn v. Johns-Manville Corp., supra,* (applying New Jersey law) and *Cathcart v. Johns-Manville Corporation*, Pa.Super., 471 A.2d 493, 507–510 (1984).

The cases upon which plaintiff-spouses rely to circumvent this requirement can be readily distinguished based on the above principle. In *Warner v. Chamberlain,* Del.Super., 30 A. 638 (1884), the plaintiff who was permitted recovery for fear and apprehension of contracting rabies had suffered an underlying injury, the dog bite. In *Plummer v. United States*, 3d Cir., 580 F.2d 72 (1978), plaintiffs' claims for mental distress following exposure to a fellow prisoner with active tuberculosis were permitted because scientific skin tests corroborated that tubercle bacilli had infected plaintiffs' bodies. Therefore, unlike the plaintiffs' in the instant case, those plaintiffs were able to show a physical injury.

Plaintiffs' reliance on *Ayers v. Jackson Tp.*, N.J.Super., 189 N.J. 561, 461 A.2d 184 (1983) is similarly misplaced. In *Ayers,* the plaintiffs, who had ingested contaminated well water, brought claims as a result of being exposed to cancer causing chemicals for emotional distress, enhanced risk of cancer, and the cost of future medical surveillance. The Court dismissed the claim for enhanced risk of cancer because "[t]he trier of fact is left to speculate as to the possible consequences of ingestion of the alleged carcinogens ..." in that the risk cannot be "quantified." As to the other claims, the Court found that there were genuine issues of material fact with respect to the emotional distress claim, thus precluding summary judgment, and plaintiffs could recover for costs of future medical surveillance to diagnose warning signals of development of disease.

While at first blush, this case appears to support plaintiffs' contention, it can be distinguished from the instant case in that there the plaintiffs clearly ingested the water that was contaminated. Stated otherwise, in *Ayers* there was a direct contact with the contaminant by the plaintiffs. Here, there was no direct contact by the plaintiff-spouses with the asbestos, and no evidence was presented to show that they actually inhaled asbestos fibers. Based on this distinction, plaintiffs' contention fails.

For the foregoing reasons, we find that the Superior Court did not err as a matter of law in granting the defendants' Motion to Dismiss.

\*    \*    \*    \*    \*    \*

AFFIRMED.