# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
# IN AND FOR NEW CASTLE COUNTY

THE ESTATE OF ERIC )
GIVENS, SHERRIE )
GIVENS as Administratrix of )
The Estate of Eric Givens, ) C.A. No. N12C-10-041 CLS
MARK GIVENS and )
SHERRIE GIVENS, as )
Parents of Eric Givens, and )
SHERRIE GIVENS and )
SAMANTHA STRANICK as )
Next Friends and Co- )
Guardians Ad Litem for )
Khloe Givens, a Minor, )
)
    Plaintiffs, )
)
        v. )
)
DELAWARE ELECTRIC )
COOPERATIVE INC., )
)
    Defendant. )

Date Submitted: May 14, 2014
Date Decided: August 20, 2014

On Defendant's Motion for Partial Summary Judgment as to Plaintiffs'
Claim for Mental Anguish. **DENIED.**

## ORDER

Bruce C. Herron, Esq. Losco & Marconi, P.A., Wilmington, Delaware
19802. Attorney for Defendant Delaware Electric Cooperative Inc.

James S. Green, Sr. Esq. and Jared T. Green, Esq. Seitz, Van Ogtrop &
Green, P.A. Wilmington, Delaware 19899. Attorneys for Plaintiffs.

**Scott, J.**

## Introduction

This is a wrongful death action brought by the mother of the decedent, Eric Givens ("Mr. Givens"), as administratrix of the Estate of Eric Givens, Mr. Givens' father, and Samantha Stranick ("Ms. Stranick"), the mother of Mr. Givens' only child, Khloe Givens ("Khloe") (collectively, "Plaintiffs"). Khloe is a minor and has brought this action through her grandmother and mother as Next Friends and Co-Guardians Ad Litem. Defendant Delaware Electric Cooperative, Inc. ("Defendant") has moved for partial summary judgment on Plaintiffs' claim that Khloe is entitled to damages for mental anguish as a result of her father's death. The Court has reviewed the parties' submissions. For the following reasons, Defendant's Motion for Partial Summary Judgment as to Plaintiffs' Claim for Mental Anguish is **DENIED**.

## Background[1]

While Mr. Givens was cutting grass in the course and scope of his employment on October 5, 2011, the tractor and mower that he was operating became caught by a guy wire supporting a utility pole owned and operated by Defendant. When Mr. Givens attempted to remove the wire, it detached from its anchor, made contact with a live electrical wire, electrocuted him and caused his death. On October 3, 2012, Plaintiffs filed

---

[1] The Court has presented the facts in the light most favorable to Plaintiffs as the nonmoving parties.

this against Defendant asserting claims of simple negligence and negligence per se. In their Complaint, Plaintiffs alleged that Khloe suffered mental anguish as result of her father's death.

## Parties' Contentions

Defendant filed this motion for partial summary judgment as to Khloe's mental anguish based upon two grounds. First, Defendant argues that Delaware decisional law requires that Plaintiffs show that Khloe suffered a physical injury in order to recover on a claim for mental anguish. Second, Defendant argues that any award for Khloe's mental anguish would be speculative since Khloe was only about six months old at the time of her father's death and was not old enough to have experienced a grieving process. Defendant supports its second argument with deposition testimony from both Khloe's grandmother and mother in which they stated that they were not aware of any developmental or emotional issues that Khloe may have had.[2]

Plaintiffs do not assert that Khloe has suffered physical injury. Instead, they point to contrary Delaware case law to argue that physical injury is not a prerequisite for a claim for mental anguish. In addition, Plaintiffs argue that Khloe's age at the time of her father's death has no bearing on her recovery for mental anguish since she is well aware who her

---

[2] Def. Mot., Ex. B., Sherrie Givens Dep. at 8:18-21; Ex. C., Stranick Dep. at 8:17-24.

father is[3] and will experience the pain of the loss of her father for the rest of her life.

## Standard of Review

"Generally speaking, issues of negligence are not susceptible of summary adjudication."[4] Nevertheless, the Court may grant summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law."[5] The moving party bears the initial burden of showing that no material issues of fact are present.[6] Once such a showing is made, the burden shifts to the non-moving party to demonstrate that there are material issues of fact in dispute.[7] In considering a motion for summary judgment, the Court must view the record in a light most favorable to the non-moving party.[8]

## Discussion

The first issue presented by Defendant's motion is whether the minor child of a decedent may recover damages for mental anguish in a wrongful

---

[3] *See* Pl. Resp. to Def. Mot., Ex. A, Stranick Dep. at 11:10-14.
[4] *Ebersole v. Lowengrub*, 180 A.2d 467, 469 (1962).
[5] Super. Ct. Civ. R. 56(c); *Burkhart v. Davies*, 602 A.2d 56, 59 (Del. 1991).
[6] *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979).
[7] *Id.* at 681.
[8] *Burkhart*, 602 A.2d at 59.

death action without a showing of physical injury. Under Delaware's Wrongful Death Statute,[9] a judge or jury may award damages for "[m]ental anguish resulting from such death to the surviving spouse and next-of-kin of such deceased person."[10] While the Statute permits such claims, it does not define "mental anguish" nor set forth the elements necessary to prevail on such a claim.[11]

The Delaware Supreme Court considered whether physical injury was necessary for a claim for mental anguish in *Mergenthaler v. Asbestos Corporation of America*,[12] an action not involving wrongful death. In that case, the spouses of workers who had been exposed to asbestos claimed to have suffered mental anguish due to the fear of developing cancer while laundering their spouses' alleged asbestos-contaminated clothing.[13] In finding that the plaintiffs-spouses could not cover for mental anguish, the Court stated:

> In any claim for mental anguish, whether it arises from witnessing the ailments of another or from the claimant's own apprehension, an essential element of the claim is that the claimant have a present physical injury. [14] Here, plaintiffs-spouses concede that they have

[9] 10 *Del. C.* § 3724.

[10] § 3724(d)(5).

[11] § 3724; *Spencer v. Goodill*, 2009 WL 3823217, at *3 (Del. Super. Nov. 13, 2009).

[12] 480 A.2d 647 (Del. 1984).

[13] *Id.* at 649.

[14] *Id.* at 651 (citing *Robb v. Pennsylvania Railroad Company,* Del.Supr., 210 A.2d 709 (1965); *Cosgrove v. Beymer,* D.Del., 244 F.Supp. 824 (1965); *Mancino v. Webb,* Del.Super., 274 A.2d 711 (1971); *Amader v. Johns-Manville Corp.,* E.D.Pa., 514 F.Supp. 1031 (1981); *Tysenn v. Johns-Manville Corp.,* E.D.Pa., 517 F.Supp. 1290 (1981)).

suffered no physical injury due to wrongful asbestos exposure. Therefore, that concession is dispositive of this case.[15]

Since *Mergenthaler*, this Court has encountered some difficulty in determining whether evidence of physical injury is required to succeed on a claim for mental anguish in wrongful death actions.[16] In one wrongful death suit, *Okie v. Owens,*[17] the Court examined the reasonableness of a jury award for mental anguish to the parents of an adult child lost in an automobile accident. The Court found that the award was unreasonably low, despite the fact that neither parent had suffered any physical injury as a result of their loss.[18] In *Roberts v. Delmarva Power & Lighting Co.*, another wrongful death action, the Court acknowledged that it did not require a showing of physical injury to reach its conclusion in *Okie.*[19] Nevertheless, the Court granted summary judgment in favor of the defendant and, based on a straightforward application of the Supreme Court's holding in *Mergenthaler*, found that claims for mental anguish in wrongful death actions were barred absent a showing of physical injury.[20]

---

[15] *Id.* (citing *Tysenn,* 517 F.Supp. 1290, and *Cathcart v. Johns-Manville Corporation,* Pa.Super., 471 A.2d 493, 507-510 (1984)).

[16] *Spencer,* 2009 WL 3823217; *Roberts v. Delmarva Power & Light Co.*, 2 A.3d 131, 142-43 (Del. Super. 2009); *Okie v. Owens*, 1985 WL 189292 (Del. Super. Oct. 16, 1985).

[17] *Okie,* 1985 WL 189292 (Del. Super.)

[18] *Id.* at *6; While the Court in *Okie* did permit an award for mental anguish in the absence of physical injury, the Court notes that it also stated that it was not reviewing the jury's application of substantive law to the facts of the case. *Id.* at *4. In addition, the Court did not cite to *Mergenthaler.*

[19] *Roberts*, 2 A.3d at 143.

[20] *Id.*

In *Spencer v. Goodill*, [21] the Court was unwilling to interpret the language from *Mergenthaler*, "any claim for mental anguish," as broadly as it did in *Roberts*.[22] The Court found that, since *Mergenthaler* was not a wrongful death suit, the Supreme Court could not have intended for its holding to apply in wrongful death suits.[23] This contrary conclusion was reached after the Court performed a detailed analysis of the Wrongful Death Statute's history and plain language, Delaware case law permitting mental anguish claims without evidence of physical injury, and Pattern Civil Jury Instruction § 22.8 ("Damages Recoverable in a Wrongful Death Claim").[24] In reviewing the statutory history, the Court recognized that the current wrongful death statute "allowed damages for 'mental anguish' to compensate the 'real injury caused by the death of a [loved one]: the emotional pain of the loss.'"[25] As for the plain language of the Statute, the Court observed that "[n]either the dictionary definition of 'mental anguish' nor the dictionary definition of 'emotional distress' requires 'physical injury' as a prerequisite to recovery."[26] The Court considered the limited class of close family members permitted to pursue mental anguish claims under the

---

[21] 2009 WL 3823217.
[22] *Id.* at *6.
[23] *Id.*
[24] *Id.* at *3. The holding in *Spencer* was followed by the District Court of Delaware in *Barkes v. First Corr. Med.*, 2010 WL 883739 (D. Del. Mar. 9, 2010).
[25] *Id.* (quoting John E. Babiarz, Jr., *A New Wrongful Death Act for Delaware,* Del. Lawyer 20 (Fall 1982)).
[26] *Id.* at *4.

Statute as the General Assembly's lack of intent to limit recovery to only those plaintiffs who suffered physical injury.[27] The Court noted that "Superior Court Pattern Civil Jury Instruction § 22.8 defines 'mental anguish' as 'encompass[ing] the grieving process associated with the loss of a loved one[;]'" and that the "instruction does not specifically provide that physical injury is required."[28]

The Court finds it persuasive that *Mergenthaler* did not involve a claim for wrongful death and that its holding was not based on cases involving claims for wrongful death.[29] Based upon these distinctions and the thorough analysis set forth in *Spencer,* the Court finds that Plaintiffs are not required to show that Khloe suffered physical injury to prevail on a claim for mental anguish in this wrongful death action. Thus, summary judgment is not appropriate on this ground.

---

[27] *Id.*

[28] *Id.*

[29] *Robb v. Pennsylvania Railroad Company,* Del.Supr., 210 A.2d 709 (1965)(plaintiff alleged mental anguish after her automobile was struck by a train, but she escaped); *Cosgrove v. Beymer,* D.Del., 244 F.Supp. 824 (1965)(Plaintiff-daughter alleged mental anguish after seeing defendant's car strike her father, who survived); *Mancino v. Webb,* Del.Super., 274 A.2d 711 (1971)(parents sought to recover damages for mental anguish after minor-daughter was willfully assaulted by another child); *Amader v. Johns-Manville Corp.,* E.D.Pa., 514 F.Supp. 1031 (1981)(Husband and wife sought recovery for emotional distress and anguish based on husband's development of asbestosis); *Tysenn v. Johns-Manville Corp.,* E.D.Pa., 517 F.Supp. 1290 (1981) (wife alleged mental anguish due to fear of contracting asbestos-related disease after her husband was exposed to asbestos); *Cathcart v. Johns-Manville Corporation,* Pa.Super., 471 A.2d 493, 507-510 (1984)(wife alleged negligent infliction of emotional distress based on her exposure to asbestos particles in husband's clothing).

Defendant's argument that an award for Khloe's mental anguish would be speculative based on her age at the time of her father's death is unavailing. The jury instruction defining "mental anguish" permits the jury to "consider that the grieving process, accompanied by its physical and emotional upheaval, will be experienced differently by different people, both in its intensity and in its duration."[30] It further states that "[t]here is no fixed standard or measurement" and that the jury "must determine a fair and adequate award through the exercise of [its] judgment and experience after considering all the facts and circumstances presented to [it] during the trial...."[31] Following this language, the jury will be able to measure whether Khloe is entitled to damages for mental anguish while taking into consideration all of the facts and circumstances, which may include her age. As for Defendant's argument that there is no evidence of Khloe's mental anguish, Khloe's grandmother and mother may testify regarding those facts.[32]

---

[30] Del. P.J.I Civ. § 22.8 (2000).

[31] *Id.*

[32] *See Price v. Blood Bank of Delaware, Inc.*, 790 A.2d 1203, 1213-14 (Del. 2002)("The trial judge correctly rejected [the defendant's] motion on the ground that other siblings confirmed the close relationship among family members").

## Conclusion

For the foregoing reasons, Defendant's Motion for Partial Summary Judgment as to Plaintiffs' Claim for Mental Anguish is **DENIED.**

**IT IS SO ORDERED.**

*/s/Calvin L. Scott*
**Judge Calvin L. Scott, Jr.**