# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| Med World Acquisition Corp. d/b/a<br>Omnicare of Plainview and Shore<br>Pharmaceutical Providers, LLC d/b/a/<br>Omnicare of Plainview,<br><br>    Plaintiff/Counterclaim Defendant,<br><br>        v.<br><br>Friedwald Center for Rehabilitation<br>And Nursing, LLC d/b/a/ Friedwald Center,<br><br>    Defendant/Counterclaim Plaintiff. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. N19C-06-028 FWW |

Submitted: January 31, 2020
Decided: June 22, 2020
Corrected:  July 16, 2020 (Cover page only)

*Upon Plaintiff/Counterclaim Defendant's Motion to Dismiss*
**GRANTED.**

## ORDER

James W. Semple, Esquire, R. Grant Dick IV, Esquire, Cooch and Taylor, P.A., The Brandywine Building, 1000 West Street, 10th Floor, Wilmington, DE, 19801; Attorney for Plaintiff/Counterclaim Defendant.

Kevin M. Capuzzi, Esquire, Benesch, Friedlander, Coplan & Aronoff, LLP, 222 Delaware Avenue, Suite 801, Wilmington, DE 19801; Theresa Concepcion, Esquire,[1] Nathan & Kamionski LLP, 201 North Charles Street, Suite 1202, Baltimore, MD 21201; Attorneys for Defendant/Counterclaim Plaintiff.

**WHARTON, J.**

---

[1] Prior counsel for Defendant/Counterclaim Plaintiff moved the admission of Ms. Concepcion *pro hac vice*.  The Court directs substitute counsel Mr. Capuzzi to confirm the certifications of prior counsel and that Ms. Concepcion remains counsel for Defendant/Counterclaim Plaintiff, if that remains the case.

This 22nd day of June, 2020, upon consideration of Plaintiff/Counterclaim Defendant Med World Acquisition Corp. d/b/a Omnicare of Plainview and Shore Pharmaceutical Providers, LLC d/b/a/ Omnicare of Plainview's ("Omnicare") Motion to Dismiss Fraud Counterclaim,[2] and Defendant/Counterclaim Plaintiff Friedwald Center for Rehabilitation and Nursing, LLC d/b/a/ Friedwald Center's ("Friedwald"), Response,[3] it appears to the Court that:

1.      Before the Court is Friedwald's second attempt to counterclaim against Omnicare. Friedwald has amended its original counterclaim after this Court issued an Order on November 25, 2019 granting Omnicare's first motion to dismiss, but granting Friedwald leave to amend.[4] In its amended counterclaim, Friedwald alleges single counts of common law fraud, breach of contract, and unjust enrichment.[5] Omnicare moves to dismiss the amended common law fraud count, arguing that: (1) the claim sounds in contract and Friedwald has failed to allege separate tort damages;

---

[2] D. I. 11.
[3] D.I. 15.
[4] *Med World Acquisition Corp. v. Friedwald Ctr. for Rehab. & Nursing, LLC*, 2019 WL 6353345, at *2 (Del. Super. Ct. Nov. 25, 2019).
[5] D.I. 10. It appears that Friedwald has recast the now dismissed claim for common law fraud in its original counterclaim as a breach of contract claim in the amended counterclaim, implicitly validating Omnicare's contention in its initial motion to dismiss that it was a contract claim all along, and not a tort claim.

(2) the fraud counterclaim constitutes impermissible "bootstrapping"; and (3) the amended fraud claim fails to plead with the requisite particularity.[6]

2. The amended fraud claim asserts that in the months leading up to the execution of the Agreement between the parties, Omnicare engaged in deceptive negotiation tactics with the purpose of inducing Friedwald to enter into the contract.[7] Specifically, it alleges that a Michael A. Rosenblum ("Rosenblum"), and other representatives of Omnicare, made false "warranties, representations and assurances" regarding specific pricing mechanisms to convince Friedwald that it would save $5,000 per month in pharmaceutical costs by contracting with Omnicare.[8] Friedwald also claims Omnicare engaged in fraud when, during negotiations in the months leading up to the execution of the contract, it proposed rates of per diem charges for IV equipment and administration which it never intended to honor.[9]

3. Under Superior Court Civil Rule 12(b)(6), dismissal is warranted only if it appears with reasonable certainty that the nonmoving party would not be entitled to recover under any reasonably conceivable set of circumstances.[10] In ruling on a

---

[6] D.I. 11.
[7] D. I. 10, at 13-15.
[8] *Id.* at 14.
[9] *Id.*
[10] *Greenfield for Ford v. Budget of Delaware*, Inc., 2017 WL 729769, at *2 (Del. Super. Ct. Feb. 22, 2017).

3

12(b)(6) motion, the Court draws all reasonable factual inferences in the light most favorable to the opposing party,[11] and assumes that all well-pleaded facts in a complaint are true.[12] Allegations are well-pleaded if they place the defendant on notice of the claim.[13] Although the pleading threshold in Delaware is low, "[a]llegations that are merely conclusory and lacking factual basis, however, will not survive a motion to dismiss."[14] Superior Court Civil Rule 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."[15] The particularity pleading standard requires a party to plead "the time, place and contents of the false representations."[16] However, "[m]alice, intent, knowledge, and other condition of mind of a person may be averred generally."[17]

4.     Friedwald has not alleged that it sustained damages from tortious conduct by Omnicare separate and apart from the damages it suffered under its breach of contract claims, nor has it plead with particularity a claim for common law

[11] *Id.*

[12] *Brevet Capital Special Opportunities Fund, LP v. Fourth Third, LLC*, 2011 WL 3452821, at *6 (Del. Super.).

[13] *Precision Air, Inc. v. Standard Chlorine of Del., Inc.*, 654 A.2d 403, 406 (Del.1995).

[14] *Brevet Capital*, 2011 WL 3452821 at *6.

[15] Super. Ct. Civ. R. 9(b).

[16] *ITW Glob. Investments Inc. v. Am. Indus. Partners Capital Fund IV, L.P.*, 2015 WL 3970908, at *5 (Del. Super. Ct. June 24, 2015).

[17] Super. Ct. Civ. R. 9(b).

fraud. The crux of Friedwald's fraud counterclaim is still that Omnicare knowingly engaged in deceptive overbilling practices. Friedwald relies on statements which occurred in the months leading up to the contract to support its contention that Omnicare purposely intended to defraud it. However, Friedwald fails to allege any damages separate and apart from damages resulting from the billing dispute due to pre-contract representations. Even if Friedwald's allegations are true, the fact is that the parties entered into contract and Friedwald's claims are based on the terms of that agreement. Friedwald alleges that Omnicare misrepresented what the terms of the agreement would be before it entered into the contract, but multiple considerations contribute to the actual terms of an agreement. Moreover, an actual agreement may differ from individual terms discussed during the negotiations leading up to the execution of a contract. Whatever terms were discussed prior to the parties entering into the contract, the contract itself constitutes the agreement between the parties. Omnicare either breached that agreement or it did not.

5.      The common law fraud claim falls short of Rule 9(b)'s particularity requirement by failing to plead with particularity the time, place and contents of the false representations, as well as the identity of the person making the false statements and the benefit to be obtained by making them.[18] A parsing of the counterclaim

---

[18] *Nutt v. A.C. & S., Inc.*, 466 A.2d 18 (Del. Super. Ct. 1983), aff'd *sub nom. Mergenthaler v. Asbestos Corp. of Am.*, 480 A.2d 647 (Del. 1984).

exposes its deficiencies. Paragraph 4 alleges that in early February 2012, Rosenblum sent an email stating that, by executing the contract, Friedwald would be saving an average of over $5,000 per month in pharmaceutical costs, but Friedwald fails to allege any facts would put the lie to that representation. Paragraph 5 is not a complete sentence, and, for that reason, is incomprehensible. Paragraph 6 lacks specificity as to who made any statements regarding pricing, and what those statements were. Paragraph 11 alleges that during the course of the contractual relationship, Omnicare made numerous demands for payment that were fraudulently determined. The lack of specificity here is obvious – there is simply none. The same deficiency is present in Paragraph 13. No other paragraph in the amended complaint even nods in the direction of the particularity required by Rule 9(b).

THEREFORE, for the foregoing reasons, Omnicare's Motion to Dismiss Fraud Counterclaim is **GRANTED**.

**IT IS SO ORDERED.**

_____
Ferris W. Wharton, J.

6