**DEPARTMENT OF HEALTH AND SOCIAL SERVICES, Plaintiff-Appellant,**

v.

**Charles CROSSAN, Defendant-Appellee.**

Supreme Court of Delaware.

Submitted Nov. 10, 1980.

Decided Dec. 2, 1980.

---

**4**

Matthew J. Lynch, Jr., Deputy Atty. Gen., Wilmington, for plaintiff-appellant.

David R. Hodas of Potter & Carmine, P. A., Wilmington, for defendant-appellee.

Before DUFFY, McNEILLY and QUIL-LEN, JJ.

DUFFY, Justice:

In this case the Superior Court ordered the Department of Health and Social Services to pay interest on a judgment for "back pay" awarded to Charles Crossan, an employee who had been discharged for cause and later reinstated. Our understanding of the governing law is different from that of the Superior Court and, accordingly, we must reverse its judgment.

**I**

Charles Crossan (defendant) was employed provisionally as a welfare investigator by the State Department of Health and Social Services. See 29 *Del.C.* § 5924. After failing three tests, given under the merit system, for the position of social services investigator, Crossan's employment was terminated effective January 15, 1977. Thereafter, appeals were processed before the State Personnel Commission and the Superior Court, as a result of which Crossan was ordered re-employed on a permanent basis and the Department was directed to pay him $13,444.68 in "back pay." The Court also ordered the Department to pay interest on that sum computed from July 1, 1977, the date on which the State Personnel Commission first ordered the back pay award, to the date when payment is actually made.

In this appeal, neither Crossan's reinstatement nor the obligation to pay the specified amount is before us. We are concerned only with that part of the Superior Court's order which directs the Department,

an agency of the State, to pay interest on the award. The parties also disagree as to the proper period for the computation of any interest which must be paid, but we do not reach that question because we are satisfied that, under the circumstances of the case, the State is not obligated to pay interest in any amount.

**II**

As the Superior Court observed, the general rule is that a sovereign State is not obliged to pay interest on any award unless it has either expressly or by reasonable construction of a contract or Statute, placed itself in a position of liability. Annot., Interest—against Governmental Unit, 24 *A.L. R.2d* 928, 974 (1952). See *Brown v. State Highway Commission,* Kan.Supr., 206 Kan. 49, 476 P.2d 233 (1970); *Foote v. State Personnel Commission,* N.H.Supr., 118 N.H. 640, 392 A.2d 156 (1978); *Estate of Purdy,* Pa.Supr., 447 Pa. 439, 291 A.2d 93 (1972); *Bond v. State,* Wash.Supr., 70 Wash.2d 746, 425 P.2d 10 (1967); 72 *Am.Jur.2d* States, Territories, and Dependencies § 89.

The Superior Court recognized, and Crossan tacitly concedes, that if Delaware follows the general law of sovereign immunity, the State is not obliged to pay interest on the amount of the judgment. Accordingly, some principle or rationale must be found in the pertinent law before a Delaware Court may order the State to pay interest on back pay awarded under the merit system.

The Superior Court found what is necessary in the provisions of 29 *Del.C.* § 5949(d), which formed the basis for the back pay award and which reads in part, as follows:

"If the Commission finds that the action complained of was taken by the appointing authority ... [and] is not supported by the facts as having been for cause, the employee shall be reinstated to his former position or a position of like status and pay without loss of pay for the period of suspension."

The Trial Judge determined that the "obvious intention of the statute is to place the

wrongfully discharged employee in as good a position as he would have occupied," but for the wrongful termination of his employment. The Court implicitly found that the Legislative purpose was to make the employee "whole," and so it construed § 5949 to permit the allowance of interest on a back pay award ultimately affirmed on appeal when the delay occasioned by the appellate process is attributable to the State and is not *de minimis*.

◼ We agree that the case presents an issue of statutory construction but, with all appropriate deference to the purpose which the Superior Court was attempting to accomplish, we are unable to find any intent in the Statute, obvious or implicit, to make a discharged employee "whole." On the contrary, the limited purpose which the Statute clearly expresses is to reinstate an employee to a position of like status and pay "without loss of pay for the period of suspension."

Use of the word "pay" is significant and undoubtedly is the key to the Legislative purpose. Thus the Statute first requires that the employee be restored to a position of like status and "pay." Clearly, pay here refers to salary or compensation or wages.[1] Indeed, such a meaning was conceded by counsel at oral argument. The same word is repeated just four words later in the Statute's second requirement, i. e., that reinstatement be "without loss of pay." It seems highly improbable to us that the Legislature intended a different meaning to the same word when it was used in the same sentence, only four words later. In short, "without loss of pay" means just what it says: "loss of pay" and nothing else.

Accordingly, we hold that under § 5949(d) an employee restored to a position of like status and pay is not entitled to receive interest on the pay due him for the period of suspension.

Crossan relies also on the Delaware rule which awards interest on a judgment as a common law right. See *Missouri-Kansas*

*Pipe Line Co. v. Warrick*, Del.Supr., 22 A.2d 865, 868 (1941). That principle may well be applicable in an action against the State in which there is a general waiver of sovereign immunity and the State has submitted itself to all the rights, duties and obligations of an ordinary litigant. Compare *Donovan v. Delaware Water and Air Resources Commission*, Del.Supr., 358 A.2d 717 (1976). This, however, is not such a case.

◼ A waiver of sovereign immunity extends only to the provisions of the Statute waiving it, and a "general waiver of immunity will not be implied from a restricted one." *Raughley v. Department of Health & Social Services*, Del.Supr., 274 A.2d 702 (1971); 72 *Am.Jur.2d*, supra § 121. The Statute, § 5949(d), is an express limitation on the State's waiver of immunity and we can read it in no other way.

Crossan also relies on *Moskowitz v. Mayor and Council of Wilmington*, Del.Supr., 391 A.2d 209 (1978), a case in which this Court ordered the City of Wilmington to pay interest on certain tax refunds. The statutory waiver in the case before us is nothing like the general waiver arising from the City's charter and, in any event, the persuasions of justice are not as compelling here as they were in that case in which, by definition, the City had collected from Moskowitz moneys to which it was not entitled.

The judgment of the Superior Court is reversed.

---

1. The dictionary meaning of "pay" in this context is synonymous with wages, salary or remuneration. See *Webster's Third New International Dictionary* (unabridged).