**STATE of Delaware, Plaintiff Below, Appellant,**

v.

**Dora Marie LILLARD and Nancy McKinnon, Defendants Below, Appellees.**

Supreme Court of Delaware.

Submitted: May 19, 1987.
Decided: Sept. 21, 1987.
Rehearing Denied On Motion for Reargument Oct. 2, 1987.

Regina M. Mullen (argued), Susan H. Kirk-Ryan, Deputy Attys. Gen., Wilmington, on behalf of appellant.

Thomas S. Neuberger, Wilmington, on behalf of appellee, Carol Reed.

Harvey B. Rubenstein, Wilmington, on behalf of cross-appellant Madelyn P. Kopec.

Philip E. Herrmann, of Schmittinger and Rodriguez, P.A., Wilmington, on behalf of appellees Dora Marie Lillard and Nancy McKinnon.

David H. Williams, of Morris, James, Hitchens & Williams, Wilmington, on behalf of Colonial School Dist. and Red Clay Consolidated School Dist.

Before CHRISTIE, C.J., MOORE and HOLLAND, JJ.

HOLLAND, Justice:

This appeal involves a dispute between several Delaware State Merit System employees and their respective employers (the "State"). The parties disagree about the duty to pay and corresponding right to receive supplemental salary benefit payments provided for in 29 *Del.C.* § 5933 originally and as subsequently amended. The Superior Court consolidated the individual claims for the purpose of deciding cross-motions for summary judgment. Appeals and cross-appeals have been filed in this Court.

The Superior Court ruled that the State could properly terminate the employment of the individual parties as a result of their inability to perform the work required by their respective positions. *State v. Lillard*, Del.Super., 521 A.2d 1110, 1115–16 (1986). However, the Superior Court also ruled that the right to receive the supplemental compensation provided for in 29

*Del.C.* § 5933 continued beyond the termination of employment and as long as workmen's compensation was received. *See id.* at 1114. Additionally, the Superior Court awarded interest on the supplemental payments which were not paid to the individual claimants after their employment ceased. *Id.* at 1115.

The former employees now appeal the Superior Court decision that their employment could be terminated. The State appeals the Superior Court decision that the right to receive supplemental payment extends to former employees and the award of interest on those payments. We affirm the decision that the State would be justified in terminating the employment of the individual parties because of their inability to perform the work required by their respective positions. However, we have concluded that the supplemental salary payments provided for in 29 *Del.C.* § 5933 are to be paid to current employees only and not to former employees. Therefore, that portion of the Superior Court decision to the contrary is reversed.

### Factual Background

The facts are not in dispute. They are succinctly summarized in the Superior Court opinion. *See State v. Lillard,* Del. Super., 521 A.2d 1110, 1111–13 (1986).

Dora Marie Lillard and Nancy McKinnon were employed by the Department of Health and Social Services of the State of Delaware. In March and June of 1975, respectively, Lillard and McKinnon suffered compensable industrial accidents under the Delaware Workmen's Compensation Act and began to receive total disability benefits, pursuant to 19 *Del.C.* § 2324, and supplemental compensation, pursuant to 29 *Del.C.* § 5933. Five years later, in April of 1980, the State terminated their employment and discontinued their supplemental compensation; however, they continued to receive workmen's compensation benefits.

The Colonial School District employed Madelyn Kopec as a custodian, and the Red Clay Consolidated School District employed Carol Reed as a teacher. Kopec and Reed were injured in compensable industrial accidents in 1980 and began to receive workmen's compensation and supplemental pay pursuant to 29 *Del.C.* § 5933 prior to July 1, 1981. Although both were terminated as employees, they received supplemental compensation through the date of termination. Workmen's compensation payments continued to be made after the date of termination.

### Legislative and Judicial Background

The legislative and decisional history of this case has focused upon the interaction between 29 *Del.C.* § 5933 and the State Merit System rule concerning employee leaves. The origins of the controversy precede even this protracted litigation. That history is instructive for the purpose of this review. *See also State v. Lillard,* Del.Super., 521 A.2d 1110, 1112–13 (discussing this controversy).

Under the Workmen's Compensation Laws, 19 *Del.C.* ch. 23, an employee who incurs a work-related injury or disease is entitled to compensation during the period of his or her incapacity. However, these compensation awards have always been less than an employee's regular full pay. Prior to 1975, pursuant to 29 *Del.C.* § 5933 and mindful of the amount paid under the Workmen's Compensation Laws, Merit Rule 6.0310 was promulgated, which provided in part that "[a]n employee at his option may also use sick leave to provide full regular pay during periods when he is paid less than full pay under workmen's compensation provisions." State Personnel Office, *Rules for a Merit System of Personnel Administration,* Doc. No. 10–04/78/08/14, Rule 6.0310 (rev. ed. 1974).

Determining that it was not equitable or fair for a Merit System employee to be forced to use sick leave for a job-related accident or illness not arising out of the employee's own negligence, the General Assembly amended Section 5933 in 1975 by adding the following language:

No employee of the State of Delaware, including those exempt under § 5903, Title 29, shall be charged sick leave for any period of absence from work due to inju-

ry, personal injury, or occupational disease sustained by accident arising out of and in the course of actual employment with the State, providing such injury or illness is not the direct result of the employee's misconduct, and occurs during a period of employment for which the employee is entitled to receive pay.

60 *Del.Laws*, ch. 247, § 1. The State interpreted this amendment administratively as requiring it to pay the difference between workmen's compensation benefits and full pay to its disabled employees, rather than forcing those employees to use up their sick leave to obtain full pay, "so long as a person is receiving workmen's compensation *and* that person continues to be an employee of the State." *Op. Att'y Gen.* No. 78–023, at 4 (emphasis in original). The State's decision to pay the supplement in an amount that restored an employee to full pay has never been challenged. However, according to the State's administrative interpretation, if an individual's employment with the State has been terminated, the obligation to pay the supplemental compensation to that person is terminated as well. *Id.* at 5. This latter position has been challenged *ab initio.*

The first judicial review of the 1975 amendment to Section 5933 occurred in 1981. The Superior Court disagreed with the administrative interpretation of the statute contained in the opinion of the Delaware Attorney General. *Young v. Milford School Dist.*, Del.Super., C.A. No. 80C–MY–8, Wright, J. (May 14, 1981) at 2. The Superior Court held that under the 1975 amendment the termination of employment was irrelevant under 29 *Del.C.* § 5933 and that the State was required to pay supplemental compensation even though an individual's employment had ceased. *Id.*

In 1981, while the *Young* litigation was pending in the Superior Court, the individual parties to this litigation filed law suits in the United States District Court for the District of Delaware. The thrust of the federal complaints by Lillard and McKinnon was that the State's administrative interpretation of that statute violated the parties' federal rights of due process and equal protection. Those federal law suits were stayed on August 28, 1981, because the Superior Court decision in *Young* had been appealed to this Court. However, since that case was settled, this Court never reached the merits of the *Young* case.

In the meantime, after the *Young* decision, in July of 1981, Section 5933 was amended again to strike the sentence added by the 1975 amendment and substitute the following:

Whenever an officer or employee of the State, including those exempt from the classified service, qualifies for Workmen's Compensation benefits, such officer or employee, for a period not to exceed three months from the date such compensation begins, shall not be charged sick leave and shall receive from the State the difference, if any, between the total of: a) the amount of such compensation; b) any disability benefits received under the Federal Social Security Act; and c) any other employer supported disability program, and the amount of wages to which the officer or employee is entitled on the date such compensation begins, provided the injury or disease for which such compensation is paid is not the direct result of such officer or employee's misconduct and occurs during a period of employment for which the employee is entitled to receive wages.

63 *Del.Laws*, ch. 80, § 53.

Reed and Kopec then filed their own actions in the United States District Court for the District of Delaware asserting that the 1981 amendment to Section 5933 deprived them of a federally protected property interest in their compensation benefits. The U.S. District Court consolidated the Reed and Kopec claims with the claims of Lillard and McKinnon which were already pending prior to the 1981 amendment. The State again asked the U.S. District Court to abstain from deciding the federal law claims until the underlying state law issues were resolved at the state level. Specifically, it urged that if this Court should determine that the employees' entitlement to supplemental compensation

under Section 5933 did not rise to the level of a property interest as a matter of state law, no Fourteenth Amendment violations would be presented. In an effort to secure a "prompt resolution" of the state law issues, the U.S. District Court agreed to stay the federal action once again. *See Lillard v. Delaware State Hosp. for the Chronically Ill*, 552 F.Supp. 711, 726–728 (D.Del. 1982).

### The Initial Superior Court Decision

In January of 1982, the actions that have ultimately resulted in this appeal were filed in the Superior Court seeking an interpretation of Section 5933. Since the U.S. District Court had agreed to abstain from deciding the federal cases until there had been a definitive interpretation of the state law issue, an effort was made to secure certification by this Court. This Court declined to accept certification. The Lillard, McKinnon, Reed and Kopec actions were not consolidated immediately in the Superior Court because Reed and Kopec had been receiving supplemental compensation at the time of the 1981 amendment to Section 5933, although Lillard and McKinnon were not.

The initial question presented to the Superior Court focused on the 1981 amendment. The State, Reed, and Kopec filed cross-motions for summary judgment in the Superior Court in support of their respective views of the 1981 amendment to Section 5933. The first issue raised by Kopec and Reed was whether the 1981 amendment applied retroactively to cut off the payment of supplemental compensation to employees who were already receiving such payments at the time of the amendment's enactment. In the context of a summary judgment ruling, the Superior Court determined that "the supplemental compensation received by [Kopec and Reed] did not rise to the level of a vested or inchoate property right which could not be terminated if a clear legislative intention to do so were manifested." *State v. Kopec*, Del.Super., C.A. No. 82C–JA–42 and 82C–JA–54, Walsh, V.C. (July 25, 1984) at 11. However, the Court also held that although such supplemental compensation was not a vested right, it was a statutorily secured employment benefit, and as such its elimination should not be inferred absent a clearly expressed intention by the legislature. *Id.* at 11–12. The Court concluded that the 1981 amendment was prospective only and did not serve to terminate the payments to Kopec and Reed. *Id.* at 12. It is significant for the purpose of this appeal that the Court declined to rule, however, on whether terminating the employment of Kopec and Reed would be sufficient to terminate the supplemental compensation payments to them because at that time both were still school district employees. *See id.* at 12–13.

Responding specifically to the *Kopec* decision, the General Assembly again amended Section 5933 on July 12, 1985 by designating the former provisions as subsection (a) and adding subsection (b) which states:

> (b) Subsection (a) of this Section applies to officers or employees of the State who qualified to receive supplemental compensation under Section 5933 of Title 29 subsequent to June 30, 1981. Officers or employees of the State who qualified to receive supplemental compensation under Section 5933 of Title 29 prior to July 1, 1981, and remain entitled to receive such supplemental compensation, shall have such supplemental compensation terminated as of September 1, 1985.

65 *Del.Laws*, ch. 154, § 1.

### Nature of Supplemental Compensation Benefit

In this consolidated appeal, we are called upon to review all of the prior rulings of the Superior Court. First, the Superior Court has decided that the supplemental compensation payments under Section 5933 are not vested rights and may be altered if that is the clear intent of the legislature, but that the 1981 amendment was prospective only. *See State v. Kopec*, Del.Super., C.A. No. 82C–JA–42 and 82C–JA–54, Walsh, V.C. (July 25, 1984) at 12. We agree and affirm that holding. Second, the Superior Court has determined that the present version of Section 5933 contains

"precisely the type of clear legislative intent to terminate a statutorily secured employment benefit that the Court had in mind in the earlier *Kopec* decision." *State v. Lillard,* Del.Super., 521 A.2d 1110, 1114 (1986). Not only do we affirm that holding, but all of the parties to this appeal agree with that proposition. Therefore, all employees who were entitled to supplemental compensation prior to July 1, 1981 ceased to have any right to that benefit on September 1, 1985. *See* 29 *Del.C.* § 5933(b). Finally, the Superior Court decided that the right to receive the supplemental benefit continued following the termination of employment and until September 1, 1985. We reverse that holding.

*Termination of Employment Issues*

The State had terminated the employment of all four individual defendants by the time the Superior Court entered the decision which is the subject of this appeal. Therefore, the issue that had been decided by the Superior Court in *Young* and reserved by the Superior Court in the earlier *Kopec* decision was again presented, i.e., whether the termination of the defendants' employment terminates their right to receive supplemental compensation. The State argued alternatively in the Superior Court that *Young* had been wrongly decided or had been overruled by the 1981 amendment. *See State v. Lillard,* Del. Supr., 521 A.2d 1110, 1114 (1986). The Superior Court decided that the 1981 amendment did not overrule *Young* and concluded that it was bound by the *Young* precedent. *See id.* Unfortunately, since the appeal to this Court in *Young* was dismissed, this precise issue did not come before this Court for six years. We now find that the earlier Superior Court decision in *Young* was an incorrect interpretation of the statute. We hold that the right to receive supplemental pay pursuant to 29 *Del.C.* § 5933, as amended originally in 1975 and as amended subsequently, has always been limited to persons who continue to be an employee of the State.

A statute must be interpreted so as to give effect to the intent of the legislature. *Keys v. State,* Del.Supr., 337 A.2d 18, 22

(1975). Neither the original statute nor any of its amendments contemplated that benefits would be paid to former employees. Not only would a ruling requiring payment to non-employees violate the plain language of the statute, it would violate the cardinal rule that statutes are not to be construed so as to reach an absurd or unworkable result. *E.I. du Pont de Nemours & Co. v. Clark,* Del.Supr., 88 A.2d 436, 438 (1952). The legislature's original desire was to preserve the employees' accrued sick leave by providing supplemental benefits to those employees who received workmen's compensation until such time as they were able to return to work. The argument that the legislature intended to insure full pay for former employees as long as workmen's compensation payments were received is not supported by the record.

Legislative history and preliminary statements, such as the preamble, can often aid in statutory construction. *See* 2A N. Singer, *Sutherland Statutory Construction* § 47.04 (4th ed. 1984). The General Assembly amended Section 5933 in 1975 "for the purpose of relieving the perceived inequity of requiring employees to use up their sick leave in order to obtain their full pay level after suffering a compensable injury." *State v. Lillard,* 521 A.2d at 1114. *See* 60 *Del.Laws,* ch. 247, preamble. The Preamble to the 1975 version of Section 5933 explained that "it is not equitable or fair for a Merit System employee to be forced to use sick leave as provided under Merit Rule 6.0300 [sic] for a job related accident or illness ... not occurring from ... employee negligence." 60 *Del.Laws,* ch. 247, preamble.

Statutory language, where possible, should be accorded its plain meaning. 2A N. Singer, *supra,* § 46.01. Section 1 of the 1975 Act made specific reference to an employee's "absence from work." The final section of the 1975 Act indicated that it was applicable to "any Merit System employee who has *returned* to work since January 1, 1975...." 60 *Del.Laws,* ch. 247, § 2 (emphasis added). Each enactment of Section 5933 has accorded or limit-

ed supplemental benefits to "employees." An "employee" means one who is currently employed, not one who was formerly employed. The 1975 legislation, when read in its entirety, clearly afforded a supplemental benefit only to employees who were absent from work and only until such time as they returned to work. We find that the supplemental benefits were always designed to terminate simultaneously with the cessation of employment.

In anticipation of our possible conclusion that the right to supplemental benefits ceases with the termination of employment, the individual parties question whether a state employee who cannot perform his or her duties because of a disability resulting from an injury that is not the direct result of their own misconduct can be discharged.[1] The Superior Court held that employees who cannot perform their duties because of such a disability can be terminated. *State v. Lillard*, 521 A.2d at 1115–16. We agree with the analysis of the Superior Court and, we affirm that holding.

In view of our conclusion that the State can properly stop payment of supplemental compensation to individuals once their employment is terminated, we need not reach the issue of whether an award of supplemental compensation must include interest from the date the payments were due. The individual parties here were all paid until the termination of their employment with the State.

For the reasons stated herein, the judgment of the Superior Court is AFFIRMED in part and REVERSED in part.

## ON MOTION FOR REARGUMENT

This 1st day of October, 1987, the Court has before it Madelyn P. Kopec's Motion For Reargument,[1] which was submitted to us on September 28, 1987. Kopec argues

that the issue of whether or not the State must pay interest on a portion of the supplemental compensation paid to Kopec, which was not reached in the Court's initial opinion, must be decided.

This Court has found that Kopec was entitled to receive supplemental compensation until her employment was terminated. The State, in fact, has paid the supplemental compensation to Kopec which was due during the period of her employment. However, that payment was not made until after the Superior Court rendered its decision that the 1981 amendment to 29 *Del.C.* § 5933 was prospective only. *State v. Kopec,* Del.Super., C.A. No. 82C–JA–42 and 82C–JA–54, Walsh, V.C. (July 25, 1984) at 12.

The facts in the record reveal that the payment of supplemental compensation to Kopec stopped on October 1, 1981, or over twenty-two months before her employment was terminated on July 13, 1983. The Colonial School District paid its portion of the supplemental compensation that was owed to Kopec on November 27, 1984 and paid accrued interest on its portion of the supplemental compensation on September 16, 1985. The State paid its portion of the supplemental compensation that was owed to Kopec on January 2, 1985 but has refused to pay interest on its portion of the supplemental compensation that was owed to Kopec from October 1, 1981 through January 2, 1985.

The Superior Court held that the State was obligated to pay Kopec interest. *State v. Lillard,* Del.Super., 521 A.2d 1110, 1115 (1986). In rendering its decision, the Superior Court attempted to distinguish the holding of this Court in *Department of Health and Social Services v. Crossan,* Del.Supr., 424 A.2d 3, 4 (1980). In *Crossan,* this Court held that a statute provid-

---

1. The State did not act precipitously in any of these cases. Lillard and McKinnon, for example, remained employed and received supplemental compensation for five years despite their inability to return to work.

1. The appellant, Carol A. Reed, has joined in Kopec's motion for reargument. Reed's em-

ployment terminated on July 14, 1983. Her supplemental compensation was originally discontinued on October 15, 1981. Reed was subsequently paid supplemental compensation through the date of her termination with interest by the Red Clay School District, but without interest by the State.

ing for the reinstatement of an employee "without loss of pay" did not permit the assessment of interest on that "back pay" against the State. *Id.* The issue in *Crossan* concerned an assessment of interest on an award of "back pay" against the State. The issue in this case concerns the assessment of interest on an award of what is essentially "back supplemental pay" against the State. In our opinion, these two issues should be treated in the same manner and, therefore, this Court's holding in *Crossan* is dispositive of the interest issue in this case. The decision of the Superior Court assessing interest against the State in this case is REVERSED.