Albert MOSES, Plaintiff Below, Appellant,

v.

BOARD OF EDUCATION OF THE NEW CASTLE COUNTY VOCATIONAL TECHNICAL SCHOOL DISTRICT, Defendant Below, Appellee.

Supreme Court of Delaware.

Submitted: Dec. 17, 1991.

Decided: Dec. 26, 1991.

62

Sheldon N. Sandler and Teresa C. Fariss (argued), of Young, Conaway, Stargatt & Taylor, Wilmington, for appellant.

David H. Williams and Peter C. Campbell (argued), of Morris, James, Hitchens & Williams, Wilmington, for appellee.

Before CHRISTIE, C.J., HORSEY, MOORE and HOLLAND, JJ., and CHANDLER, Vice Chancellor (sitting by designation pursuant to Del.Const. art. IV, § 12) (constituting the Court en Banc).

HOLLAND, Justice:

This is an appeal from a final judgment of the Superior Court.[1] The plaintiff-appellant, Albert Moses ("Moses"), is an employee of the defendant-appellee, New Castle County Vocational Technical School Dis-

trict ("the School District"). The sole issue in this appeal is the proper construction of 29 Del.C. § 5933(a). That statute provides for the payment of salary supplementation benefits to certain officers or employees of the State of Delaware who are receiving workmen's compensation benefits.

The Superior Court found that the language of Section 5933(a) was "not so clear that the processes of interpretation need not be applied." The Superior Court opined that Section 5933(a), as amended in 1981, should be construed as providing for only one three-month period of salary supplementation per work-related injury, commencing on the date of the original injury. Therefore, the Superior Court held that the School District had properly stopped paying salary supplementation benefits to Moses on the three-month anniversary of his work-related injury, notwithstanding the fact the Moses had qualified to receive workmen's compensation benefits for a second time within that period due to a recurrence of his original compensable injury.

Moses contends that the Superior Court erred in construing 29 Del.C. § 5933(a). We agree. The language of Section 5933(a) is unambiguous and must be accorded its plain meaning. It provides for certain State employees, who suffer a work-related injury, to receive up to three months of salary supplementation benefits "whenever ... [he or she] qualifies for workmen's compensation benefits." 29 Del.C. § 5933(a).[2] Consequently, the judgment of the Superior Court is reversed.

*Facts*

The parties are in agreement with respect to the underlying facts. During the 1989–90 school year, Moses was employed as a teacher by the School District. On September 19, 1989, Moses sustained a work-related injury that was not the direct result of any misconduct by him, and which

1. The Superior Court denied a motion for summary judgment by Moses. Upon application of the parties, based upon the absence of any triable issue of fact and the resolution of the only legal issue presented, the Superior Court subsequently entered final judgment for the defen-

dant School District. Moses then filed this appeal.

2. Section 5933(c) provides similar benefits "for not more than 12 months" to "any employee injured while performing a hazardous duty assignment." 29 Del.C. § 5933(c).

occurred during a time when he was entitled to receive wages. Moses qualified for and collected total disability workmen's compensation benefits for a four-week period beginning on October 30, 1989 and ending on November 27, 1989. In addition, Moses received salary supplementation benefits from the School District pursuant to 29 *Del.C.* § 5933(a) during that four-week period.

As a result of his September 19, 1989 injury, Moses was required to undergo surgery on January 18, 1990. Moses was unable to return to work until April 23, 1990. During the period commencing on January 18, 1990, and ending on April 23, 1990, Moses again qualified for workmen's compensation benefits. The School District did not dispute Moses' entitlement to workmen's compensation benefits for the recurrence. However, the School District only provided salary supplementation benefits to Moses from January 18 through January 27, 1990, i.e., the three-month anniversary of Moses' first receipt of workmen's compensation benefits for his original compensable injury. Thereafter, the School District refused to provide salary supplementation benefits to Moses.

## Standard of Review

■ The issue presented to the Superior Court was whether Moses was eligible to receive salary continuation benefits for up to an additional three months, pursuant to 29 *Del.C.* § 5933(a), when he qualified for workmen's compensation benefits for a second time due to disability arising from an injury for which he had previously received workmen's compensation benefits. The same issue is now presented to this Court. It does not involve a question of fact, but rather is exclusively a question of statutory construction. The appropriate standard of appellate review requires this Court to determine "whether the Superior Court erred as a matter of law in formulating or applying legal principles." *Delaware Alcoholic Beverage Wholesalers, Inc. v. Ayers*, Del.Supr., 504 A.2d 1077, 1081 (1986).

## Background

The history of 29 *Del.C.* § 5933 is well-known:

Under the Workmen's Compensation Laws, 19 *Del.C.* ch. 23, an employee who incurs a work-related injury or disease is entitled to compensation during the period of his or her incapacity. However, these compensation awards have always been less than an employee's regular full pay. Prior to 1975, pursuant to 29 *Del.C.* § 5933 and mindful of the amount paid under the Workmen's Compensation Laws, Merit Rule 6.0310 was promulgated, which provided in part that "[a]n employee at his option may also use sick leave to provide full regular pay during periods when he is paid less than full pay under workmen's compensation provisions." State Personnel Office *Rules for a Merit System of Personnel Administration*, Doc. No. 10–04/78/08/14, Rule 6.0310 (rev. ed.1974).

Determining that it was not equitable or fair for a Merit System employee to be forced to use sick leave for a job-related accident or illness not arising out of the employee's own negligence, the General Assembly amended Section 5933 in 1975....

*State v. Lillard*, Del.Supr., 531 A.2d 613, 614 (1987). There have been numerous amendments to Section 5933 since 1975, often in response to a judicial construction of its prior meaning. *See State v. Lillard*, 531 A.2d 613 (1987); *Lillard v. Delaware State Hosp. for the Chronically Ill*, 552 F.Supp. 711, 726, 728 (D.Del.1982).

## Construction of Present Statute

Section 5933 was amended in 1981 to strike the sentence added by the 1975 amendment and substitute the following:

*Whenever an officer or employee of the State*, including those exempt from the classified service, *qualifies for workmen's compensation benefits, such officer or employee, for a period not to exceed 3 months from the date such compensation begins, shall not be charged sick leave and shall receive from the State* the difference, if any,

between the total of: (1) The amount of such compensation, (2) any disability benefits received under the Federal Social Security Act, and (3) any other employer supported disability program, and the amount of wages to which the officer or employee is entitled on the date such compensation begins, provided the injury or disease for which such compensation is paid is not the direct result of such officer or employee's misconduct and occurs during a period of employment for which the employee is entitled to receive wages.

(emphasis added).

The language of the 1981 amendment was referred to by this Court in *Lillard* and is the subject of the case *sub judice*. In *Lillard*, this Court recognized that "[s]tatutory language, where possible, should be accorded its plain meaning." *State v. Lillard*, 531 A.2d at 617. This principle of construction is well established in Delaware:

> It is fundamental that the Courts ascertain and give effect to the intent of the General Assembly as clearly expressed in the language of a statute. *A & P Stores v. Hannigan*, Del.Supr., 367 A.2d 641 (1976); *Keys v. State*, Del. Supr., 337 A.2d 18 (1975). There is judicial discretion to construe a statute when its language is obscure and ambiguous, *Balma v. Tidewater Oil Co.*, Del.Supr., 214 A.2d 560 (1965); but when no ambiguity exists, and the intent is clear from the language of the statute, there is no room for statutory interpretation or construction.

*Giuricich v. Emtrol Corp.*, Del.Supr., 449 A.2d 232, 238 (1982),

The Superior Court found that Section 5933(a) was ambiguous. The Superior Court opined that the significant statutory language was "whenever an ... employee ... qualifies for workmen's compensation

... for a period not to exceed 3 months from the date such compensation begins...." 29 *Del.C.* § 5933(a). According to the Superior Court, that language was "not so clear that the processes of interpretation need not be applied."

After concluding that the language of Section 5933(a) was ambiguous, the Superior Court interpreted the statute. The Superior Court determined that when Section 5933(a) was amended in 1981, the General Assembly intended an eligible State employee to receive salary supplementation benefits for up to three months from the date of the work-related injury. The Superior Court also determined that the General Assembly intended an otherwise eligible State employee to receive salary supplementation benefits for only one three-month period for each injury.

■ This Court finds that the language of Section 5933(a) is clear and unambiguous. We agree that the pertinent part of Section 5933(a) is the language which provides that a State employee is entitled to receive salary supplementation benefits *"whenever* an employee ... qualifies for workmen's compensation benefits ... for a period not to exceed 3 months from the date such compensation begins...." However, in the absence of any ambiguity, the Superior Court erred in construing or interpreting that language in the statute.

■ The plain language of Section 5933(a) states that certain State employees are entitled to salary supplementation benefits, for a period not to exceed 3 months, *"whenever"* they "qualif[y] for workmen's compensation." There is no language in Section 5933(a) limiting that unambiguous mandate. If the Delaware General Assembly had intended that only one three-month period of salary supplementation benefits was available for any given injury, it could easily have said so.[3] The precision with which the General Assembly has amended Section 5933(a) precludes a judicial inter-

---

**3.** An employee does not qualify for workmen's compensation benefits merely by virtue of claiming to suffer a recurrence. An employee must produce medical evidence which indicates that he has, in fact, suffered a worsening of his condition as a result of a recurrence of his or her work-related injury. After that medical evidence is considered, if a determination is made that the employee is again qualified for workmen's compensation benefits, the plain language of Section 5933(a) makes that employee eligible to receive salary supplementation benefits for up to another three months.

pretation of any legislative intent other than that which is expressed in the plain language of the statute. *General Motors Corp. v. Burgess*, Del.Supr., 545 A.2d 1186 (1988).

### Moses' Subsequent Claim

█ The undisputed record reflects that Moses qualified for workmen's compensation on two separate occasions. The first occasion consisted of a four-week period of disability that began soon after his initial injury. The second occasion was a longer period of disability which began approximately six weeks after Moses had returned to work, and which arose from surgery related to the initial injury. The plain language of Section 5933(a) provides for salary supplementation benefits to be paid whenever an eligible State employee qualifies for workmen's compensation benefits. Therefore, Section 5933 required the School District to pay salary supplementation benefits to Moses for a period of up to three months on each occasion that he qualified for workmen's compensation. Consequently, it was improper for the School District to terminate Moses' salary supplementation benefits on January 27, 1990.

### Conclusion

The judgment of the Superior Court is REVERSED. This matter is REMANDED for further proceedings in accordance with this opinion.