Frank ROSS and Robert Gattis, Inmates of the Delaware Correctional Center, Plaintiffs Below, Appellants,

v.

DEPARTMENT OF CORRECTION OF THE STATE OF DELAWARE, Stanley Taylor, Commissioner of the Department of Correction of the State of Delaware, Paul Howard, Chief of Adult Correction of the Department of Correction of the State of Delaware, and Robert E. Snyder, Warden of the Delaware Correctional Center of the Department of Correction of the State of Delaware, Defendants Below, Appellees.

No. 535, 1996.

Supreme Court of Delaware.

Submitted: May 8, 1997.
Decided: July 18, 1997.

Frank Ross and Robert Gattis, pro se.

Joseph Scott Shannon, Deputy Attorney General, Wilmington, for Appellees.

Before VEASEY, C.J., HARTNETT and BERGER, JJ.

PER CURIAM.

This is an appeal by two inmates at the Delaware Correctional Center ("DCC") who seek personal copies of the Department of Correction's disciplinary rules and access to the Department's regulations governing the operation of DCC and the conduct of its correction officers. We hold that the inmates have a clear statutory right to receive copies of the disciplinary rules and that the Superior Court erred in dismissing that claim. The inmates' claim with respect to operating regulations requires factual development and also should be reinstated. Accordingly, we reverse and remand.

## I. Inmate Disciplinary Rules

◼ Appellants base both of their claims on 11 Del.C. § 6535, which provides in relevant part:

The Department [of Correction] shall promulgate rules and regulations for the maintenance of good order and discipline in the facilities and institutions of the Department, including procedures for dealing with violations. A copy of such rules shall be provided to each inmate.

They argue that the statute plainly requires the Department to give them copies of the disciplinary rules and that the Department's practice of making the rules available for review does not satisfy the statutory mandate. We agree.

◼ One of the fundamental rules of statutory construction is that the words in a statute must be given their ordinary meaning.[1] If the language is clear and unambiguous, courts may not interpret the statute to mean other than what it says.[2] Section 6535 specifically directs that "[a] copy of [the disciplinary] rules shall be provided to each inmate." The legislature could have instructed the Department to give inmates "access to" the rules. Instead the statute states that a copy "shall be provided." The word "shall" generally means that the obligation is mandatory unless the context or purpose of the statute indicates otherwise.[3] We find no evidence that the General Assembly intended anything other than what the statute expressly provides. Accordingly, we hold that appellants have a clear legal right to receive copies of the Department's disciplinary rules.

◼ Appellants' complaint sought a writ of mandamus, which is available when a petitioner establishes a clear legal right to the relief and the absence of an adequate alternative remedy.[4] The trial court dismissed appellants' first claim based upon its analysis of their rights under the statute. It did not address the adequacy of any other remedy. Accordingly, we remand for the Superior Court to consider the availability of mandamus, the requested form of relief.

## II. Access to Department Operational Regulations

◼ Appellants do not claim that Section 6535 entitles them to personal copies of the Department's regulations governing its operations and the conduct of correction officers. Rather, they contend that these regulations must be available to inmates as part of their constitutional right to effective access to the courts.[5] The factual record with respect to this claim is confusing at best. Appellants argue in their brief that, until recently, the regulations had been available to them in the law library and that those regulations were removed by DCC officials. According to the affidavits of several correction officers, the Inmate Housing Rules and Inmate Reference Manual are now, and always have been, available on request. The officers' affidavits do not, however, address the availability of the Department's operational regulations and regulations governing officers' conduct.[6]

The Superior Court relied on the Department's affidavits as establishing that appellants have access to the relevant regulations. As a result, the trial court dismissed their complaint for failure to state a claim. Appellants argue that the court erred in two respects: (i) it improperly converted a motion to dismiss into a motion for summary judgment without giving consideration to appellants' affidavits; and (ii) it misread the Department's affidavits.

1. Sostre v. Swift, Del.Supr., 603 A.2d 809, 813 (1992).

2. Id.; In re Swanson, Del.Supr., 623 A.2d 1095, 1096–97 (1993).

3. Bartley v. Davis, Del.Supr., 519 A.2d 662, 667 (1986).

4. Schagrin Gas Co. v. Evans, Del.Supr., 418 A.2d 997, 998 (1980).

5. Bounds v. Smith, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977); Johnson v. State, Del. Supr., 442 A.2d 1362 (1982).

6. Appellants attached to their Appendix another inmate's affidavit, prepared after this appeal was filed, stating that the regulations are not available, either in the law library or on request. We are not considering that affidavit, as it is not part of the record that was before the Superior Court.

We conclude that the present record does not support the trial court's decision. The correction officers made no declarations concerning the availability of the Department's operating regulations, and there does not appear to be anything else in the record that establishes the availability of those materials. If, as the trial court seems to have concluded, appellants are entitled to reasonable access to the regulations, there is a factual question as to whether that access is being provided. Accordingly, dismissal was not warranted.[7]

### III. Conclusion

Based upon the foregoing, it is hereby ordered that the decision of the trial court with respect to Claims I and III of appellants' complaint is reversed and the matter is remanded for further action in accordance with this opinion.

---

7. Because of our holding on this point, we do not need to address the trial court's alleged error in converting the motion to dismiss into a motion for summary judgment. *See* Super.Ct.Civ.R. 12(b).