Frank ROSS and Robert Gattis,
Petitioners Below,
Appellant,

v.

DEPARTMENT OF CORRECTION of the State of Delaware, Stanley Taylor, Commissioner of the Department of the State of Delaware, Paul Howard, Chief of Adult Correction, of the Department of Correction of the State of Delaware, and Robert Snyder, Warden of the Delaware Correctional Center of the State of Delaware, Respondents Below, Appellees.

No. 133, 1998.

Supreme Court of Delaware.

Submitted: Oct. 19, 1998.
Decided: Nov. 4, 1998.

Frank Ross, pro se and Robert Gattis, pro se.

Mary Page Bailey, Department of Justice, of Wilmington, Delaware, for appellees.

Before HOLLAND, HARTNETT and BERGER, JJ.

HOLLAND, Justice:

The petitioners-appellants, Frank Ross and Robert Gattis, are both convicted criminals who are serving sentences of incarceration ("Ross and Gattis"). The respondents-appellees are the Department of Correction, Stanley Taylor, Paul Howard and Robert Snyder (collectively "Department"). In this appeal, Ross and Gattis contend that the Superior Court "erred as a matter of law and otherwise abused its discretion" in its construction of 11 *Del.C.* § 6535 and its dismissal of "related claims," pursuant to Superior Court Civil Rule 12(b)(6).

### Procedural History

The prior procedural history of this matter is relevant to the present appeal. Ross and Gattis originally filed a Petition for Writ of Mandamus in the Superior Court of Delaware in August of 1996. In their petition, Ross and Gattis alleged that the Delaware Correctional Center where they were housed failed to comply with 11 *Del.C.* § 6535, by not providing each of them with copies of the rules and regulations. The Department filed a Motion to Dismiss that was granted by the Superior Court in December of 1996. Ross and Gattis filed a Motion for Reconsideration. The Superior Court denied the Motion for Reconsideration in January of 1997.

Ross and Gattis filed an appeal with this Court from the Superior Court's final judg-

ment of dismissal. *Ross v. Department of Correction*, No. 535, 1996. This Court held that "the appellants have a clear legal right to receive copies of the Department's disciplinary rules." *Ross v. Department of Correction*, Del.Supr., 697 A.2d 377 (1997). This Court remanded the case to the Superior Court for a fact-finding hearing to determine "[i]f, as the trial court seems to have concluded, appellants are entitled to reasonable access to the regulations, there is a factual question as to whether that access is being provided." *Id.* at 379.

### Superior Court Hearing on Remand

On remand, after a hearing, the Superior Court directed written arguments to be submitted by both parties. The Superior Court also ordered the Department to produce the rules and regulations, under which prisoners could be sanctioned, for an *in camera* review. The Department submitted that documentation to the Superior Court in November of 1997.

The Superior Court rendered its decision on February 27, 1998. It granted the mandamus request relating to discipline and ordered the Department to produce, for the Superior Court's initial review, regulations which would include the "standing on-going rules and regulations that directly affect and control inmate discipline and conduct." The Superior Court denied the request by Ross and Gattis for access to the Department's operational and administrative regulations, however, because it concluded that they had not demonstrated a right to those regulations. The Superior Court also denied the request by Ross and Gattis for a subpoena *duces tecum.*

### This Appeal Moot Statutory Amendments

In March of 1998, Ross and Gattis filed the present appeal with this Court. They challenge the Superior Court's denial of their request for a subpoena *duces tecum* and the denial of their access to the Department's operational and administrative regulations.

During the pendency of this appeal, 11 *Del.C.* § 6535 was amended as follows:

Amend Title 11, Section 6535, Delaware Code by deleting the second sentence thereof and replacing it with the following sentence: "Prisoners of the Department shall have access to those portions of the disciplinary rules that apply to them, at places and times deemed reasonable and appropriate by the commissioner."

During the pendency of this appeal, 11 *Del.C.* § 4322 was amended by adding new subsections (c) and (d) as follows:

(c) No inmate shall be provided a copy of the Department of Correction Policy and Procedures Manuals, The Bureau of Prisons Policy and Procedures Manuals, nor any of the Department of Correction Facilities Operational Procedures, Administrative Regulations and Post Orders.

(d) The Department of Correction Policies and Procedures, including any Policy, Procedure, Post Order, Facility Operational Procedure or Administrative Regulation adopted by a Bureau, facility or department of the Department of Correction shall be confidential, and not subject to disclosure except upon the written authority of the Commissioner.

This Court directed the parties to file supplemental memoranda addressing whether the amendments to 11 *Del.C.* §§ 6535 and 4322 have rendered moot any or all of the issues on appeal.

### Conclusion

We have concluded that the primary challenges presented by Ross and Gattis in this appeal must be dismissed because those claim have been rendered moot by the subsequent amendments to 11 *Del.C.* §§ 6535 and 4322. *Lewis v. Continental Bank Corporation*, 494 U.S. 472, 110 S.Ct. 1249, 108 L.Ed.2d 400 (1990). We have also concluded that, to the extent that any of the challenges by Ross and Gattis remain justiciable, the final judgment of the Superior Court should be affirmed on the basis of its decision dated February 27, 1998. *Ross and Gattis v. Department of Correction*, Del.Super., C.A. No.

96M–03–065, Del Pesco, J., 1998 WL 449695 (Feb. 27, 1998) (Mem.Op.).