# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

JAMES DEAN WALTON, SR.,           )
LINDA JANE MCGEE, KENDRA           )
ADAIR as personal representative for )
the estate of JAMES D. WALTON, JR.,  )
and KENNETH A. BRYANT, III         )
as personal representative for the   )
estate of RICHARD GREGORY          )
CHITTICK,                          )
                                   ) C.A. No. N18C-04-314 FWW
    Plaintiffs,                  )
                                   )
                                   )
    v.                           )
                                   )
ROGER LOUIE COLE,                  )
                                   )
    Defendant.                   )
                                   )

Submitted: May 6, 2022
Decided:  May 10, 2022

*Upon Defendant's Motion for Partial Summary Judgment*
**GRANTED.**

## ORDER

Lawrance Spiller Kimmel, Esquire, Brian S. Legum, Esquire, KIMMEL, CARTER, ROMAN, PELTZ & O'NEILL, P.A., 56 W. Main St. Fourth Floor, Newark, DE, 19702, Attorneys for Plaintiffs.

Daniel P. Bennett, Esquire, MINTZER, SAROWITZ, ZERIS, LEDVA & MEYERS, LLP, 919 North Market Street, Suite 200, Wilmington, DE, 19801, Attorney for Defendant.

**WHARTON, J.**

This 10th day of May 2022, upon consideration of Defendant Roger Louie Cole's ("Cole") Motion for Partial Summary Judgment[1] ("Motion"); the Response of Plaintiffs James Dean Walton, Sr. ("Walton, Sr."), Linda Jane McGee ("McGee"), Kendra Adair ("Adair"), and Kenneth Bryant, III ("Bryant"),[2] the latter two as personal representatives for the estates of James D. Walton, Jr. ("Walton, Jr."), and Richard Gregory Chittick ("Chittick"), respectively (collectively "Plaintiffs"); and the parties' supplemental memoranda and expert reports as ordered by the Court,[3] it appears to the Court that:

1.    On April 30, 2018, Plaintiffs brought this wrongful death action against Cole.[4] Plaintiffs claim that Cole operated a motor vehicle in a negligent, reckless, and/or careless manner resulting in the deaths of Walton, Jr. and Chittick ("Decedents").[5] For purposes of this motion, it is sufficient to say that Walton, Jr. and Chittick died simultaneously when they were struck by a vehicle operated by Cole. A fuller exposition of the facts is found in this Court's Opinion on Cole's Motion for Summary Judgment.[6]

---

[1] Def.'s Mot. for Part. Summ. J., D.I. 64.
[2] Pls'. Resp to Def.'s Mot. for Part. Summ. J., D.I. 70.
[3] D.I. 76 (Pls.); D.I. 77 (Def.).
[4] Compl., at 1, D.I. 1.
[5] *Id.*
[6] 2020 WL 4784599 (Del. Super. 2020).

3. On January 20, 2022, Cole moved for partial summary judgment on the issue of pre-impact fright and terror.[7] Specifically, Cole argues that any pre-impact apprehension each decedent may have suffered as a result of anticipating the impact was unaccompanied by any physical injury resulting from that apprehension. Thus, Plaintiffs may not recover for the decedents' emotional distress due to fear of the impact.[8]

4. Plaintiffs responded on February 18, 2022.[9] They argue that the evidence will show that both decedents attempted to take evasive action which is clearly depicted on video footage. They maintain that both decedents sustained pre-impact injuries as evidenced by the video and confirmed by their medical expert witness, Dr. Ian Hood.[10]

5. Cole requested oral argument because he felt that Plaintiffs had misconstrued the Motion.[11] The Court held oral argument on April 8, 2022.[12] At argument, it became clear that the parties were not in substantial disagreement about the law. That is, in order to be compensable, any emotional distress brought on by the apprehension of danger must be accompanied by physical consequences caused

---

[7] Def's. Mot. for Part. Summ. J., D.I. 64.
[8] *Id.*
[9] Pls.' Resp. Mot. for Part. Summ. J., D.I. 70.
[10] *Id.*
[11] Def.'s Letter, D.I. 72.
[12] D.I. 74.

by that apprehension. The Court granted leave to thew Plaintiffs to supplement their expert's report to address that issue as well as to provide any additional argument. Cole was given the opportunity to respond in kind. The Court has received the parties' supplemental submissions.

6.    Plaintiffs cite *Mergenthaler v. Asbestos Corp. of America* for the proposition that "in any claim for mental anguish…an essential element of the claim is that the claimant have a present physical injury."[13] *Mergenthaler*, in turn quotes *Robb v. Pennsylvania R. Co.,* which held, "where negligence proximately causes fright…which in turn produced physical consequences…the injured party is entitled to recover."[14]    Evidence of such physical consequences will be offered by Plaintiff's medical expert Dr. Hood who will testify that, upon seeing Cole's Suburban speed in their direction, Walton, Jr. and Chittick "experienced the physical response to a 'sudden adrenaline surge' which was accompanied by a 'drop in heart rate, then significant tachycardia,' along with other notable physiological responses…manifested through symptoms of chest pain, weakness and shortness of breath."[15] According to Plaintiffs these physical manifestations are in line with the

---

[13] 480 A.2d 647, 651 (Del. 1984).
[14] 210 A.2d 709 (Del. 1965).
[15] D.I. 76.

4

physical consequences required by *Robb* and present a genuine issue of material fact to be decided by the jury.[16]

7.  In response, Cole relies on the original opinion of his medical expert, Dr. Wayne Ross, which Dr. Ross confirmed in Cole's rebuttal submission, that there is no evidence that either Walton, Jr., or Chittick suffered any physical injury prior to the time of impact by the Suburban.[17]  Cole argues that Dr. Hood does not challenge Dr. Ross' conclusion that neither decedent suffered a physical injury.[18]  Rather Dr. Hood describes only physiological responses to the impending impact rather than physical injuries.[19]  Cole contends that such physiological responses are insufficient to maintain a claim for pre-impact fear and terror.[20]

8.  Super. Ct. Civ. R. 56(c) provides that summary judgment is appropriate where there is "no genuine issue as to any material fact...and the moving party is entitled to a judgment as a matter of law."[21]  The moving party initially bears the burden of establishing both of these elements; if there is such a showing, the burden shifts to the non-moving party to show that there are material issues of fact for resolution by the ultimate fact-finder.[22]  The Court considers the "pleadings,

---

[16] *Id.*
[17] D.I. 77.
[18] *Id.*
[19] *Id.*
[20] *Id.*
[21] Del. Super. Ct. Civ. R. 56(c).
[22] *See, More v. Sizemore*, 405 A.2d 679, 680 (Del. 1979) (citations omitted).

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any" in determining whether to grant summary judgment.[23] Summary judgment will be appropriate only when, upon viewing all of the evidence in the light most favorable to the non-moving party, the Court finds that there is no genuine issue of material fact.[24] When material facts are in dispute, or "it seems desirable to inquire more thoroughly into facts to clarify the application of the law to the circumstances, summary judgment will not be appropriate."[25] However, when the facts permit a reasonable person to draw but one inference, the question becomes one for decision as a matter of law.[26]

9.    The Court accepts that it is likely that both Walton, Jr. and Chittick may have experienced adrenaline rushes that likely caused symptoms of tachycardia and other notable physiological responses. That much is not in dispute. The question for the Court is what degree of physical consequence resulting from apprehending the impact of the Suburban is sufficient the sustain a claim for pre-impact mental distress. In other words: are physiological responses enough? Or is physical injury required? The Court holds that physical injury is required and mere physiological

---

[23] Del. Super. Ct. Civ. R. 56(c).
[24] *Singletarry v. Amer. Dept, Ins. Co.*, 2011 WL 607017 at *2 (Del. Super. 2011) (citing *Gill v. Nationwide Mut. Inc. Co.*, 1994 WL 150902 at *2 (Del. Super 1994)).
[25] *Ebersole v. Lowengrub*, 180 A.2d 467, 468-69, (Del. 1962) (citing *Knapp v. Kinsey*, 249 F.2d 797 (6th Cir. 1957)).
[26] *Wooten v. Kiger*, 226 A.2d 238, 239 (Del. 1967).

responses are not enough. In *Robb,* the Court noted that "it is accepted as settled that there can be no recovery for fright alone, not leading to bodily injury or sickness, arising from the negligence of another."[27] Plaintiffs rely on language from *Robb* to the effect that a party is entitled to recover where fright produces "physical consequences."[28] But *Robb* held that the physical consequences need to be "such as would be elements of damage if a bodily injury had been suffered...Otherwise stated, where results, which are regarded as proper elements of recovery as a consequence of physical injury, are proximately caused by fright due to negligence, recovery by one in the immediate zone of physical risk should be permitted."[29] *Mergenthaler* reinforces this conclusion. Mergenthaler held that "an essential element of the claim [for mental anguish] is that the claimant have a present physical injury."[30] The physical consequences cited by Plaintiffs – a sudden adrenaline surge accompanied by a drop in heart rate, then significant tachycardia and other notable psychological responses – are fleeting responses too "transitory" to constitute physical injury.[31] A physical injury claim based on those physical manifestations of the fright experienced by the decedents would be insufficient to justify a recovery.

---

[27] *Robb,* at 711.
[28] D.I. 74 (quoting *Robb,* at 715).
[29] *Robb,* at 715.
[30] *Mergenthaler,* at 651.
[31] *See, Cooke v. Pizza Hut, Inc.,* 1994 WL 680051, at *3 (Del. Super. Ct. 1994).

**THEREFORE**, Defendant Roger Cole's Motion to for Partial Summary Judgment is **GRANTED.**

**IT IS SO ORDERED.**

_____
Ferris W. Wharton, J.